## CLARK *v.* NEWSOME.

98

*O'Neal & O'Neal,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence,* for defendant.

Bell, Justice.   The Court of Appeals certified the following question : " Where a plaintiff brought an action in H. County jointly against H. County and N., a person residing in a different county of this State, to recover damages for personal injuries arising out of an automobile accident which occurred on May 29, 1930, near a bridge on a public road in H. County while plaintiff was riding in an automobile driven by N., and said suit was duly served on H. County on May 26, 1931, and duly served on N. by 'second original' on May 25, 1931, and the two defendants filed separate demurrers to the petition, both of which were overruled by the trial judge, and on writ of error the Court of Appeals (46 *Ga. App.* 363, 167 S. E. 748), on February 8, 1933, reversed the trial court's judgment on the county's demurrer, because the petition 'failed to allege that the injuries were caused by a defective condition of a bridge,' and at the same time held : 'Since the petition set out no cause of action against the county, and since it appears from the petition that the other defendant, the operator of the automobile, was a non-resident of the county, living in this State, the court had no jurisdiction as to him, and it was error to overrule his demurrer to the petition, which was upon the ground that the court had no jurisdiction as to him' (thus passing upon the merits of the case alleged against the county, but merely holding that the trial court had no jurisdiction as to N.) ; and after the remittitur of the Court of Appeals went to the trial court the petition was amended, the demurrer was renewed, and the presiding judge sustained the demurrer and dismissed the case ; and on June 23, 1933, within six months after the decision of the Court of Appeals and the subsequent dismissal of the case by the trial court, but not within two years after the right of action accrued (Civil Code (1910), § 4497), the same plaintiff filed the same cause of action against N. alone, in a county which had jurisdiction of both N. and the subject-matter : Under the facts stated, did the Civil Code (1910), § 4381, so toll the statute of limitations as to allow the plaintiff to renew the original action ?"

We answer this question in the affirmative. Section 4381 of the Civil Code of 1910, is as follows: "If a plaintiff shall be non-suited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this clause." In 1847 the legislature passed an act providing as follows: "Whenever any case now or hereafter pending in any of the courts of this State, either at law or in equity, commenced within the time limited by law, shall be discontinued, dismissed, or the plaintiff therein become nonsuited, and the plaintiff's claim may be barred during the pending thereof by any law now in force in this State, the plaintiff may, at any time within six months from such termination of the case, and not after, renew or recommence the same, in any court having jurisdiction thereof in this State, any law, usage, or custom to the contrary notwithstanding; provided, that nothing in this act shall be construed so as to authorize the renewal of any case after a second discontinuance, dismissal, or nonsuit." (Ga. L. 1847, p. 217). In 1856 the legislature passed another act, upon the same subject, in the following terms: "That when any suit shall be commenced within the times limited by this act, and the same shall be discontinued, dismissed, or the plaintiff nonsuited, or judgment be arrested, and during the pending of such suit the time within which such suit is to be brought by the provisions of this act shall expire, it shall be lawful for the plaintiff to renew said suit at any time within six months after such termination of the case; but this right shall only extend to one renewal." Ga. L. 1855-56, p. 237. In the Code of 1863 (§ 2873), the language of these statutes was changed to the form which now appears in the Code of 1910, § 4381, and which likewise appeared in each of the intermediate Codes. The Code of 1863 was "adopted" and made "of force" as the Code of Georgia. *Central of Ga. Ry. Co. v. State,* 104 *Ga.* 831 (5), 840 (31 S. E. 531, 42 L. R. A. 518). It is contended by counsel for the defendant that in the codification of the acts of 1847 and 1856 the language was so changed as to result in an amendment of the law, and that now a suit can not be renewed unless the plaintiff shall have been nonsuited or the action was voluntarily dismissed or discontinued by him. In the present case the suit was dismissed by the court on demurrer, though without

judgment on the merits; and the question is, does the right of renewal exist in case of such involuntary dismissal? In the adoption of the Code of 1863 it was the evident intention of the legislature to enact into law every provision contained in such Code, "including such new matter as was introduced, as well as such changes and modifications as were clearly made in existing laws." *Central of Ga. Ry. Co.* v. *State,* supra. Where such intention as to change appears, it must be given effect, not because of any power of legislation vested in the codifiers, but because of the adopting statute. The rule is, however, that, "unless the contrary manifestly appears from the words employed, the language of a code section should be understood as intending to state the existing law and not to change it." *Lamar* v. *McLaren,* 107 *Ga.* 591, 599 (34 S. E. 116).

In *Cox* v. *Berry,* 13 *Ga.* 306, before the Code of 1863, this court had under consideration the act of 1847, and in that decision it was said: "We are not held to a narrow and technical construction of this act, but are bound to give effect to the manifest intention of the legislature. It gives relief in any case which may be brought in any of the courts of the State. That is, in all instances where the plaintiff is, in the exercise of a proper diligence, attempting by judicial proceeding to assert his right and enforce his remedy. The legislature meant to say that the dismissal, discontinuance, or nonsuit of any proceeding which has for its object the assertion of a right should not prejudice that right so far as the statute of limitations is concerned, if that proceeding is renewed in the same or in any other form within six months. If we consider the mischief, we must extend the construction of the remedy thus far, else the mischief is not covered by it. The act is remedial, and is to be literally construed." From the whole decision it is apparent that the word "literally" was a typographical error, and that the word "liberally" was intended. Some twenty years following the adoption of the Code of 1863, and after noting the verbal changes made in codification, this court in *Rountree* v. *Key,* 71 *Ga.* 214, had the following to say touching the law here under construction: "An examination of the rulings of this court on the act of 1847, substantially re-enacted on this point by the act of 1856—Acts of 1856, p. 237, convinces us that this court has gone great lengths in permitting the renewal of suits within six months, so as not to be barred, if the original suit was not barred, so as to extend the pro-

visions to almost any case where the suit was dismissed not on its merits. See 27 *Ga.* 372; 13 *Ib.* 55, 306; 32 *Ib.* 435, 448; 60 *Ib.* 628, 629, 631; 48 *Ib.* 362." This statement as to liberal construction has been repeated in several later decisions dealing with the language as now contained in the Code. In *Atlanta, Knoxville &c. Ry. Co.* v. *Wilson,* 119 *Ga.* 781 (2) (47 S. E. 366), it was said that section 3786 of the Code of 1895, shown as section 4381 in the Code of 1910, "is remedial, and to be liberally construed so as to preserve the right to renew the cause of action set out in a previous suit, wherever the same has been disposed of on any ground other than one affecting the merits." See also *Cox* v. *Strickland,* 120 *Ga.* 104, 111 (47 S. E. 912, 1 Ann. Cas. 870); *Lamb* v. *Howard,* 150 *Ga.* 12, 16 (102 S. E. 436). While the language of the Code might, upon a literal construction, be taken as an intentional modification of the law, a purpose to change the law must not be lightly inferred; and since the acts of 1847 and 1856 were intended to relieve hardship and promote justice in the matter of procedure only, it can not be assumed that the legislature intended to withdraw their "remedial beneficence" (*Cox* v. *Berry,* supra), merely because of the slight changes in phraseology. At this point we would emphasize the equitable purpose underlying the initial law, and the consequent improbability of a reversal of policy on the part of the legislature. In *Mechanics Bank* v. *Heard,* 37 *Ga.* 413, it was said of the Code of 1863, that it should be kept in mind that the codifiers had no authority to originate new matter for legislative sanction, and that it is incumbent on those who assert that they went beyond their commission to prove such contention. The presumption is that a change in the law was not intended by the legislature. *Gardner* v. *Moore,* 51 *Ga.* 268. See also *City of Atlanta* v. *Gate City Co.,* 71 *Ga.* 106 (1 *b*); *Gillis* v. *Gillis,* 96 *Ga.* 1, 10 (23 S. E. 107, 30 L. R. A. 143, 51 Am. St. R. 121); *Mitchell* v. *Georgia & Alabama Railway,* 111 *Ga.* 760, 768 (36 S. E. 971, 51 L. R. A. 622).

But it is contended that section 4381 refers to the "privilege of dismissal and renewal," and that the word "privilege" could not apply to an involuntary dismissal. There is some force in this contention; but, even considering the additional change, we can not say that a legislative intention to amend the existing law *manifestly* appears. We conclude that, so far as a dismissal is concerned, it

is not material to the right of renewal whether the action was terminated voluntarily by the plaintiff or was dismissed against his will, provided the merits were not adjudicated. A statement apparently contrary to this view will be found in *Kimbro* v. *Virginia &c. Railway Co., 56 Ga.* 185 (3). But in that case the court was dealing with a petition which had been renewed after an adjudication on the merits, and it was unnecessary to decide whether the Code had repealed the law as to the right of renewal after an involuntary dismissal. It was said in that decision: "It is scarcely necessary, however, to decide this point, as the case is controlled by the other points hereinbefore adjudicated." The author made a further explanation of that case in a footnote to the opinion in *Greenfield* v. *Vason, 74 Ga.* 126. The question now before the court was not involved in *Moss* v. *Keesler, 60 Ga.* 45; and nothing contrary to our present ruling was held in *McFarland* v. *McFarland, 151 Ga.* 9 (105 S. E. 596). The decision in the case last cited appears to have turned upon the conclusion that the first petition could not be considered as having created a pending suit, in view of an outstanding adjudication that the defendant had not been served in terms of law. Our present construction of the renewal statute is consistent with the practice which has long prevailed in certiorari cases. It is true that the decision in *Hendrix* v. *Kellogg, 32 Ga.* 435, a certiorari case, was rendered before the Code of 1863; but the law as now stated in section 4381 has been consistently applied to involuntary as well as voluntary dismissals in such cases. In *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517 (46 S. E. 638), it was said, "This section has been held to apply to certiorari cases, and has been uniformly treated as being applicable to dismissals other than those which are voluntary." Several cases were then cited in support of this statement. With reference to renewal, there is no rational distinction between certiorari cases and any other class of actions.

In view of what has been said, it is our opinion that the statement in the Code should be considered as a mere condensation of the specific enactments, that the change in verbiage was the result of inadvertence or oversight on the part of the legislature, and that the original law is the criterion of the right of renewal. Cf. *Bailey* v. *McAlpin,* 122 *Ga.* 616 (6) (50 S. E. 388). Even if the codifiers undertook to amend the law, it does not necessarily follow that the legislature intended to sanction their effort to do so. The proposed

change must have been so conspicuous as to demand the inference that it was noticed by the lawmaking body, before the presumption against a change may be overthrown. Nor, despite some confusion in the authorities, can the instant case be considered as presenting an open question. While it seems that this court has not construed section 4381 in a case exactly like the present, the policy of liberal construction has been several times definitely expressed; and we could not reach a different conclusion in the case at bar without trespassing on previous decisions applying this section in certiorari cases. As said above, there is no reason for applying a different rule in cases of that type.

Counsel for the defendant advance the argument that it was the purpose of the codifiers to reconcile the law as to renewal in six months with section 5625 of the Code of 1910, as to recommencement on payment of costs. A sufficient answer to this contention will be found in the *Rountree* case, supra. The decision in *Ternest* v. *Georgia Coast Railway Co.*, 19 *Ga. App.* 94 (90 S. E. 1040), appears to have misconstrued the decision in *Kimbro* v. *Virginia &c. Railway Co.*, supra, and is not approved so far as it may be contrary to what is now ruled. The decision in *Greenfield* v. *Farrell Co.*, 17 *Ga. App.* 637 (87 S. E. 912), contains, however, a correct statement of the law upon the question here under consideration.

In the foregoing we have referred to the acts of 1847 and 1856 as if their provisions were contained in a single statute, or were interchangeable. In *Cox* v. *Strickland,* supra, it was said by Judge Lamar that the two were substantially the same, except that the act of 1856 "added the privilege to renew in case judgment for the plaintiff was arrested." In the present case we are not concerned with any question as to whether the former statute was superseded by the latter, or whether both should be considered. The reasoning here applied would be the same under either statute; and therefore we have referred to both, and have made no distinction between them. Under the facts stated in the question, the provisions of the Civil Code (1910), § 4381, as properly construed, would so toll the statute of limitations as to allow the plaintiff to renew the original action. *All the Justices concur.*