## 49991. BOWMAN v. WARE et al.

DEEN, Presiding Judge.

1. We are called on to construe Code Ann. § 3-808 ("If a plaintiff shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section") under the following set of facts: The plaintiff brought a death action,

which was dismissed "without prejudice" by the trial court for failure to file an answer to interrogatories. Costs were paid and the second suit filed within the two-year statute of limitation. Plaintiff voluntarily dismissed the second suit "without prejudice," paid the costs, and filed a third suit within six months of the dismissal, but more than two years from the date of death.

2. Code Ann. § 3-808 applies to involuntary as well as voluntary dismissals, where the merits are not adjudicated. *Clark v. Newsome,* 180 Ga. 97 (1) (178 SE 386); *Chance v. Planters &c. Co-op.,* 219 Ga. 1, 4 (131 SE2d 541); *Douglas v. Kelley,* 116 Ga. App. 670 (1) (158 SE2d 441).

3. A dismissal by the court under Code Ann. § 81A-141 (b) for failure to comply with the Civil Practice Act will operate as an adjudication on the merits "unless the court in its order for dismissal otherwise specifies." The trial court here specified that the original dismissal for failure to answer interrogatories was without prejudice and it will therefore be considered as would a voluntary dismissal.

4. The question, then, is simply whether the plaintiff may bring this third action. Defendant contends she may not because the privilege "shall be exercised only once under this section." Plaintiff responds that this is indeed the first exercise of the privilege *under this section* (Code Ann. § 3-808 extending the period of limitation when the suit is renewed within six months) because the first dismissal and renewal came within the original statute of limitation period; that is, the second suit was filed within two years of the date of death. "This provision has application only where the bar of the statute of limitation would otherwise apply, and does not attempt to limit the time in which a plaintiff may rebring his case if the statute of limitation on the action has not run." *Crow v. Whitfield,* 105 Ga. App. 436, 439 (124 SE2d 648). The provisions of Code Ann. § 3-808 are not applicable even as to renewed cases, unless, due to the dismissal, the bar of the statute of limitation has attached or may attach; and it is to relieve this bar that the allowance of six months time in which to renew the suit is given. The statute says that the dismissal and renewal may be exercised only

once *under this section.* Obviously, the first renewal was not under Code Ann. § 3-808 and this statute does not preclude the plaintiff from filing the present renewal suit.

5. This brings us to Code Ann. § 81A-141 (a) which provides that, subject to certain special rules for class actions and receiverships, etc., "an action may be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal. . . A dismissal under this paragraph is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim."

There is some merit in the analogy that if an involuntary dismissal not on the merits is treated the same way as a voluntary dismissal under Code Ann. § 3-808 a like result should accrue under Code Ann. § 81A-141 (a). One answer to this argument, however, is that the latter section deals specifically, in subsection (b), with involuntary dismissals not on the merits, which would probably preclude such an interpretation of (a), both types of dismissals being considered in the same breath as it were. Further, as we read the last sentence of subsection (a) (a dismissal *filed* by a plaintiff who *has* twice dismissed), it means the filing of a third notice of dismissal by one who has already filed two prior dismissals. Thus, under either interpretation, the plaintiff's third suit here is valid. The first dismissal was involuntary but not on the merits, nor was it under Code Ann. § 3-808. The second voluntary dismissal is not to be considered as an adjudication on the merits. The plaintiff accordingly did have the six months granted by § 3-808 in which to refile, and did refile within that time.

The trial court erred in granting the statute of limitation defense and dismissing the complaint.

*Judgment reversed. Evans and Stolz, JJ., concur.*

ARGUED JANUARY 13, 1975 — DECIDED JANUARY 30, 1975.

*Brown, Harriss & Hartman, Larry D. Ruskaup,* for appellant.

*Robert Edward Surles,* for appellees.