S92A1106. WRIGHT et al. v. ROBINSON.
(426 SE2d 870)

CLARKE, Chief Justice.

This case arises from medical care rendered to Robinson at appellants' clinic beginning in April 1977 and ending in May 1983. Plaintiff-appellee alleges that appellants negligently prescribed the medication and that this negligence was the proximate cause of her injuries.

Plaintiff-appellee filed this medical malpractice action on June 18, 1984. The litigation continued for more than six years, during which both parties conducted extensive discovery. The superior court specially set the trial for November 20, 1990. After jury selection, the plaintiff voluntarily dismissed the suit. Plaintiff's counsel gave no other reason other than that he did not like the jury.

On May 16, 1991, Robinson refiled the action, under the renewal statute, in the same court. The suit contained the same allegations and claims against the same defendants. Defendants filed a motion for summary judgment alleging that the five-year statute of repose abrogated the right to pursue the action. After denying the motion, the trial court certified its order for immediate review. This court granted the petition for interlocutory appeal.

At issue is whether a plaintiff in a medical malpractice case can voluntarily dismiss a suit and refile it within the six-month renewal period when the statute of ultimate repose in OCGA § 9-3-71 (b) has

run. Appellants also contend that the dismissal and renewal statutes violate the Georgia Constitution, denying them the impartial and complete protection of law. We find that the statute of repose abrogates plaintiff's cause of action. Therefore, she cannot renew her medical malpractice action beyond the five-year statutory period.

1. In 1985, the legislature enacted a five-year statute of repose for medical malpractice cases. In pertinent part it reads:

> Notwithstanding [the two-year statute of limitation], in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.

OCGA § 9-3-71 (b). Subsection (c) of the same statute goes further and provides: "Subsection (b) of this Code section is intended to create a five-year statute of ultimate repose and abrogation." OCGA § 9-3-71 (c).

There is a distinct difference between statutes of limitation and statutes of repose.

> A statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues. . . . A statute of repose, however, limits the time within which an action may be brought and is not related to the accrual of any cause of action. The injury need not have occurred, much less have been discovered. *James Ferrera & Sons v. Samuels*, 486 NE2d 58 (Mass. App. 1985)[1] (quoting *Klein v. Catalano*, 386 Mass. 701, 702 (1982)).

A statute of repose stands as an unyielding barrier to a plaintiff's right of action. The statute of repose is absolute; the bar of the statute of limitation is contingent. *James Ferrera & Sons*, supra, 486 NE2d 58. The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists. *KSLA-TV v. Radio Corp. of America*, 732 F2d 441 (5th Cir. 1984).

This case questions whether the right to dismiss voluntarily and refile within six months, as codified in OCGA §§ 9-11-41 (a) and 9-2-

---

[1] In *Ferrera*, a Massachusetts statute allowed a plaintiff to add a defendant by amending his complaint. The amended complaint would relate back to the filing of the original complaint, even after the statute of limitation had expired. However, a statute of repose provided that "in no event shall [an action for negligent building or design of a building] be commenced more than six years after the performance of such [building or design]." Mass. General Laws c. 260, § 2B. The court held that this statute of repose prohibited the adding of the designer/builder after the six-year statute of repose had elapsed.

61 (a), contemplates actions extinguished by the statute of repose or only those barred by a statute of limitation.

To answer this question, we look to the plain language of the statutes and the sequence of their adoption. The renewal statute has been in effect since 1847 although amended several times. *Clark v. Newsom*, 180 Ga. 97 (178 SE 386) (1935). The legislature enacted the statute of repose in 1985. Ga. L. 1985, p. 556, § 1. Because we presume the legislature enacts all statutes with knowledge of the existing laws, we construe the language of the statute of repose considering the preexisting dismissal and renewal statutes. Consequently, the provisions of the statute enacted latest in time carry greater weight. *Foster v. Brown*, 199 Ga. 444, 451 (34 SE2d 530) (1945); *George C. Carroll Constr. Co. v. Langford Constr. Co.*, 182 Ga. App. 258, 260 (355 SE2d 756) (1987).

The renewal statute says "the renewed case shall stand upon the same footing, *as to limitation,* with the original case." (Emphasis supplied.) OCGA § 9-2-61 (a). The statute of repose says *"in no event* may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." (Emphasis supplied.) OCGA § 9-3-71 (b). Both logic and the plain language of the statutes lead us to conclude that the legislature never intended for the dismissal and renewal statutes to overcome the statute of repose. A voluntary dismissal terminates the action completely. *Page v. Holiday Inns*, 245 Ga. 12, 13 (262 SE2d 783) (1980). "An action renewed pursuant to OCGA § 9-2-61 (a) is an action *de novo."* *Adams v. Gluckman*, 183 Ga. App. 666 (359 SE2d 710) (1987); *Archie v. Scott*, 190 Ga. App. 145 (378 SE2d 182) (1989). We agree with these holdings, and it logically follows that a new suit on a nonexisting cause of action cannot proceed.

2. Because we have resolved this issue on statutory grounds, we need not reach appellants' constitutional claims.

*Judgment reversed. Hunt, P. J., Fletcher, Hunstein, JJ., and Judge Roy M. Lilly concur; Benham, J., dissents. Sears-Collins, J., disqualified.*

BENHAM, Justice, dissenting.

I respectfully disagree with the majority's conclusion that the statute of repose abrogates appellee's timely-filed renewal action.

Relying on foreign and federal case law, the majority describes a statute of repose as an absolute, unyielding barrier to a plaintiff's right of action, not related to the accrual of any cause of action. Majority, p. 845. However, in *Browning v. Maytag Corp.*, 261 Ga. 20 (401 SE2d 725) (1991), we held that a statute of repose cannot be applied retroactively to bar a cause of action that accrued prior to the enactment of the statute of repose. See also *Smith v. Cobb County-Ken-*

*nestone Hosp. Auth.*, 262 Ga. 566 (3) (423 SE2d 235) (1992). In *Browning*, a clothes dryer purchased by the Brownings in 1976 malfunctioned and allegedly caused a fire in 1985. They filed a products liability action based on negligence in 1988. In 1987, OCGA § 51-1-11 (c), a statute of repose requiring that products liability actions based in negligence be brought within ten years of the first sale or use of the product, was enacted. In response to a certified question from the United States Court of Appeals for the Eleventh Circuit, this court held that the 1987 statute of repose could not bar the Brownings' cause of action that had accrued in 1985. Thus, the statute of repose can be subject to the accrual of a cause of action, and is not, in all cases, the absolute unyielding barrier the majority has erected.

In the case at bar, appellee/plaintiff's cause of action accrued by 1983, and OCGA § 9-3-71 (b), the statute of repose, was enacted in 1985. Under our holding in *Browning*, the statute of repose cannot be used to divest appellee of a vested right in her cause of action that had accrued prior to the enactment of the statute of repose.

As it is the accrual of the cause of action, not the date the suit was filed, that is the determinative point concerning the retroactive application of the statute of repose, the fact that appellee's lawsuit is a timely-filed renewal action under OCGA § 9-2-61 (a) has no effect on the fact that the statute of repose cannot be used to divest appellee's vested right in her cause of action. Appellee need only have filed her complaint within the applicable statute of limitation to enforce her cause of action. The renewal statute, in effect, does nothing more than extend the statute of limitation for six months from the date of dismissal for a case dismissed, after the expiration of the applicable statute of limitation, on grounds that do not adjudicate the merits of the case. See *Hackney v. Asbury & Co.*, 124 Ga. 678 (52 SE 886) (1906); *Bowman v. Ware*, 133 Ga. App. 799 (213 SE2d 58) (1975).

As it is my understanding of our holding in *Browning* that the statute of repose cannot be used retroactively to divest appellee of her vested right in her cause of action, I respectfully dissent from the majority's reversal of the trial court's denial of appellants' motion for summary judgment.

DECIDED MARCH 15, 1993.

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Milton B. Satcher III*, for appellants.

*Remler, Koski & Near, Robert C. Koski, Marc G. Melikian*, for appellee.