No. 71,554

SCOTT CLAYTON SEE, *Appellee*, v. JAMES HARTLEY, M.D.,
*Appellant.*
(896 P.2d 1049)

Opinion filed June 2, 1995.

*Richard I. Stephenson,* of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, argued the cause, and *John E. Rees, II,* of the same firm, was with him on the briefs for appellant.

*Michael L. Snider,* of Snider & Seiwert, L.L.C., of Wichita, argued the cause and was on the brief for appellee.

*Mark A. Furney,* of Overland Park, was on the brief for *amicus curiae* Kansas Children's Coalition.

The opinion of the court was delivered by

HOLMES, C.J.: This is an interlocutory appeal, pursuant to K.S.A. 60-2102(b), by the defendant in a medical malpractice action from the district court's order denying his motion for summary judgment. Defendant timely filed a notice of appeal to the Kansas Court of Appeals. The appeal was transferred to this court pursuant to K.S.A. 20-3018(c). We affirm the district court.

The facts are not in dispute. On September 20, 1988, Scott Clayton See, the plaintiff, underwent an elective vasectomy performed by Dr. James Hartley, the defendant. On April 17, 1989, the

plaintiff's left testicle was removed due to post-surgical complications.

On September 13, 1990, plaintiff filed a memorandum with the district court requesting that a medical malpractice screening panel be convened to determine whether Dr. Hartley had departed from the standard of practice required of a health care provider in his care and treatment of the plaintiff. See K.S.A. 65-4901 *et seq.* On September 18, 1990, the district court issued an order directing that a screening panel be convened. The panel issued its recommendations on May 22, 1991. Following the issuance of the panel's recommendations, it was determined that the panel had been improperly constituted. On June 14, 1991, the district court set aside the panel's recommendations and convened a second panel.

On August 20, 1992, the second panel issued its recommendations, finding that the defendant did not depart from the applicable standard of care in his performance of the vasectomy but that he "probably did breach a duty to inform" the plaintiff that the loss of a testicle or chronic pain were possible side effects.

Plaintiff commenced a medical malpractice action against defendant on September 16, 1992. On February 17, 1993, plaintiff's motion to voluntarily dismiss the action without prejudice was granted. On August 16, 1993, plaintiff commenced the instant action involving the same claims set forth in the initial suit.

On January 28, 1994, defendant filed a motion for summary judgment, contending that plaintiff's cause of action was filed outside the applicable limitations period. The district court denied defendant's motion. The sole issue before this court is whether the plaintiff may voluntarily dismiss his lawsuit and refile it within the six-month savings period provided by K.S.A. 60-518, but after the expiration of the four-year period provided by K.S.A. 60-513(c).

Resolution of the issue involves the interpretation and interaction of three statutes. First, K.S.A. 60-513, entitled "Actions limited to two years," states in pertinent part:

"(a) The following actions shall be brought within two years:

. . . .

(7) An action arising out of the rendering of or failure to render professional services by a health care provider, not arising on contract.

. . . .

"(c) A cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, *but in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action.*" (Emphasis added.)

The second statute, K.S.A. 60-518, entitled "New action, when," states:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives *may commence a new action within six (6) months after such failure.*" (Emphasis added.)

Finally, K.S.A. 65-4908 provides:

"In those cases before a screening panel which have not been formalized by filing a petition in a court of law, the filing of a memorandum requesting the convening of a screening panel *shall toll any applicable statute of limitations* and such statute of limitations shall remain tolled until thirty (30) days after the screening panel has issued its written recommendations." (Emphasis added.)

At the outset, we reiterate certain well-established rules and principles of statutory interpretation applicable to issues such as the one now before this court.

"The interpretation of a statute is a question of law. The function of the court is to interpret the statute, giving it the effect intended by the legislature. [Citation omitted.] The cardinal rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature govern when the intent can be ascertained from the statute. [Citations omitted.]" *State ex rel. Stephan v. Kansas Racing Comm'n,* 246 Kan. 708, 719, 792 P.2d 971 (1990).

"When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny,* 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

"In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. When the provisions of two or more acts affect the

same issue and subject matter, the same rule applies." *McMillen v. U.S.D. No. 380*, 253 Kan. 259, Syl. ¶ 7, 855 P.2d 896 (1993).

Defendant contends that the district court erred in denying his motion for summary judgment. Specifically, defendant maintains that K.S.A. 60-513(c) is a statute of repose which abolished the instant action following plaintiff's voluntary dismissal of his suit. Defendant reasons that because 60-513(c) is a substantive statute, it is controlling over 60-518, which is a savings statute and procedural in nature. He argues application of the savings statute would have the effect of reactivating a cause of action that was extinguished under the repose statute.

Plaintiff presents several arguments in support of his contention that the instant suit was filed within the proper limitations period. First, he argues that 60-518 governs over 60-513(c), regardless of whether the latter statute works as a statute of limitations or a statute of repose. Alternatively, he argues that the four-year limitation period in 60-513(c) was tolled under the medical malpractice screening panel tolling provision in 65-4908. Last, he maintains that because defendant failed to object to his motion for voluntary dismissal without prejudice of his initial suit, defendant has waived any right to complain about the application of the savings provision in 60-518.

In denying defendant's motion for summary judgment, the district court, without explanation of its reasoning or rationale, determined that the plaintiff had timely filed the instant action "by operation of K.S.A. 60-513(c), together with K.S.A. 60-518, the saving statute."

Defendant's principal argument is that 60-513(c) is a four-year statute of repose which abolished plaintiff's cause of action upon the voluntary dismissal of plaintiff's initial suit. Defendant maintains that a statute of repose is a substantive provision which may not be waived, tolled, or subjected to a savings or renewal statute such as 60-518. Defendant relies primarily upon this court's opinion in *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 831 P.2d 958 (1992).

In *Harding*, the issue under consideration was whether the appellee's cause of action was timely filed within the applicable lim-

itation period. The specific issue for determination was the constitutionality of K.S.A. 1991 Supp. 60-3303 insofar as such statute operated to revive the plaintiff's cause of action which had been time-barred. In examining this issue, the court was called upon to construe both the 2-year limitation period in 60-513(a) and the 10-year limitation period in K.S.A. 60-513(b). The operative language of 60-513(b) considered in *Harding* is identical to that in 60-513(c), except the first provides a 10-year period of limitation while the latter provides only a 4-year period.

In *Harding*, the plaintiff, as executrix of her husband's estate, brought a tort action against the defendant based upon allegations that Jerry Harding, a painting contractor, died from malignant pleural mesothelioma as a result of using products containing asbestos purchased from the defendant. The decedent's last exposure to the products was January 1, 1977. Jerry Harding died October 26, 1988, and suit was filed September 5, 1990. The defendant sought summary judgment based upon the expiration of the 10-year limitation period in 60-513(b), while the plaintiff claimed the action was timely filed under 60-513(a). Summary judgment was denied, and defendant filed an interlocutory appeal, as in the present case. We affirmed the district court.

While the controlling issue in *Harding* was the constitutionality of the retroactive provisions of the 1990 amendment to K.S.A. 60-3303 of the Kansas Product Liability Act, this court considered it important to recognize certain differences between statutes of limitations and statutes of repose. In doing so, the court relied upon language from *Menne v. Celotex Corp.*, 722 F. Supp. 662 (D. Kan. 1989). In *Menne* the federal court stated:

"Statutes of limitation and repose may be distinguished both by their method of operation and their underlying purpose. Although the two terms have traditionally been used interchangeably, in recent years the term 'statute of repose' has been used to distinguish ordinary statutes of limitation from those statutes which begin to run 'at a time unrelated to the traditional accrual of the cause of action. . . .'

"[S]tatutes of limitation 'are generally seen as running from the time of injury, or discovery of the injury in cases where that is difficult to detect. They serve to limit the time within which an action may be commenced after the cause of action has accrued. Statutes of repose, on the other hand, create time limitations

which are not measured from the date of injury. These time limitations often run from defendant's last act giving rise to the claim or from substantial completion of some service rendered by defendant.'

. . . .

"Statutes of limitation and repose may also be distinguished by their respective purposes. In ordinary statutes of limitation, any repose provided to defendants is merely incidental. The main purpose of such statutes is the prevention of stale claims, serving as 'instruments of public policy and of court management, [which] do not confer upon defendants any right to be free from liability, although this may be their effect.' [Citation omitted.] Statutes of repose, in contrast, operate as a grant of immunity serving primarily 'to relieve potential defendants from anxiety over liability for acts committed long ago.' [Citation omitted.]

". . . Statutes of repose 'are intended to be "a substantive definition of rights as distinguished from a procedural limitation on the remedy used to enforce rights."' [Citation omitted.] Because statutes of repose ignore the date of the injury or discovery of injury and generally lack tolling provisions, they are deemed to 'acquire a substantive nature, barring rights of action even before injury has occurred if the injury occurs subsequent to the prescribed time period.' [Citation omitted.]" 722 F. Supp. at 665-66.

In *Harding*, the court was influenced by the reasoning set forth in *Menne* and adopted that court's conclusion that 60-513(b) was a statute of repose. In doing so, this court stated:

"Even though the United States Supreme Court makes no distinction between statutes of limitations and statutes of repose, and we have not clearly expressed the distinction in our cases, we consider it important to explain the difference between the two theories. A statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time. It cuts off the remedy. It is remedial and procedural. A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. It abolishes the cause of action after the passage of time even though the cause of action may not have yet accrued. It is substantive. Thus, Kansas constitutional protection applies only to statutes of repose because they pertain to substantive rights." 250 Kan. at 668.

It is important to recognize that the procedural/substantive discussion in *Harding* was in the context of the constitutionality of a statute, which the defendant argued operated to revive a cause of action previously barred by the applicable time limitation statutes in violation of the due process rights of the defendant.

Defendant also relies heavily upon *Wright v. Robinson*, 262 Ga. 844, 426 S.E.2d 870 (1993), which addressed a similar issue and

argument. In *Wright,* the Georgia Supreme Court reviewed the question of whether the state's five-year statute of repose for medical malpractice claims was subject to a six-month renewal or savings statute. Under the facts of the case, the plaintiff filed his action within the requisite two-year statute of limitation period, and the litigation continued for over six years while both parties conducted extensive discovery. After selection of the jury, however, plaintiff voluntarily dismissed the suit, complaining that he did not like the jury selection. He later refiled his action within the six-month renewal period. Defendants then filed a motion for summary judgment, arguing that the five-year statute of repose period had expired and, therefore, plaintiff's claim was abolished.

In reviewing the issue, the court discussed the difference between statutes of limitation and statutes of repose. The court stated:

"There is a distinct difference between statutes of limitation and statutes of repose.

'A statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues. . . . A statute of repose, however, limits the time within which an action may be brought and is not related to the accrual of any cause of action. The injury need not have occurred, much less have been discovered.' [Citations omitted.]

"A statute of repose stands as an unyielding barrier to a plaintiff's right of action. *The statute of repose is absolute; the bar of the statute of limitation is contingent.* [Citation omitted.] *The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists.*" (Emphasis added.) 262 Ga. at 845.

The court held the repose statute controlled and the renewal statute was inapplicable.

Relying on *Wright,* defendant contends that upon the dismissal of the instant action all claims against him were forever abolished. It is defendant's position that the four-year time bar of 60-513(c) is not subject to the savings provision of 60-518 or the tolling provision of 65-4908. We do not find *Wright* persuasive here, nor do we find *Harding* applicable to the facts of this case.

Prior to our opinion in *Harding,* the Kansas appellate courts had not specifically recognized a difference between statutes of limi-

tation and statutes of repose. As early as 1870 this court, in *Taylor v. Miles,* 5 Kan. 498, 515 (1870), stated: "[T]hey [statutes of limitation] are considered favorably as statutes of repose." See also *A.T. & S. F. Rld. Co. v. Burlingame Township,* 36 Kan. 628, Syl. ¶ 1 (1887) ("Statutes of limitation are statutes of repose which are founded on sound policy.")

While there are differences between statutes of limitation and statutes of repose, those differences are not as clearly defined as *Menne, Harding,* and *Wright* might indicate. Both types of statutes constitute time limitations on the plaintiff's right to recover for damages received as a result of the defendant's action or inaction. Thus, in the broader sense, a statute of repose constitutes one type or form of a statute of limitations. Both types of statutes seek the same objective and are founded on the same basic philosophy. "Statutes of limitation are statutes of repose, and, as such, are designed to secure the peace of society and to protect the individual from being prosecuted upon stale claims." *Rochester American Ins. Co. v. Cassell Truck Lines,* 195 Kan. 51, 54, 402 P.2d 782 (1965).

The essential difference between statutes of limitation and statutes of repose are based upon the time of the accrual of a cause of action and the effect of such accrual on the time limitation. K.S.A. 60-513(a) is the general statute of limitations for tort actions and provides for a two-year limitation period from the time the cause of action accrues. Ordinarily, a cause of action accrues at the time of the act giving rise to the alleged injury or damage. If the injury is not simultaneous with the act, it accrues at the time the injury becomes reasonably ascertainable. K.S.A. 60-513(c) applies the general rule for the accrual time of a cause of action for medical malpractice but, in addition, establishes a time limitation on the filing of an action even if the cause of action has not yet accrued. K.S.A. 60-513(c) reads:

"*A cause of action* arising out of the rendering of or the failure to render professional services by a health care provider *shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party,* but in no event shall such an action be

commenced more than four years beyond the time of the act giving rise to the cause of action." (Emphasis added.)

K.S.A. 60-513(c) applies when the accrual of the cause of action and the act giving rise to the cause of action do not coincide. The four-year repose limitation only becomes relevant when "the fact of injury is not reasonably ascertainable until some time after the initial act, [and] then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." K.S.A. 60-513(b). In such event, the action must be filed within two years of the date of the accrual of the cause of action or four years from the act giving rise to the cause of action, whichever occurs first.

In the instant case, the act giving rise to plaintiff's cause of action occurred on September 20, 1988, the date upon which the defendant performed the initial surgery. Plaintiff filed his request for a medical malpractice screening panel on September 13, 1990, within the two-year general limitation period provided by K.S.A. 60-513(a)(7) and *within two years of the act giving rise to his cause of action.* At that point the two-year tort statute of limitations was tolled by K.S.A. 65-4908. The screening panel filed a valid report on August 20, 1992. Plaintiff's first action was filed September 16, 1992, and within 30 days of the hearing panel report. Plaintiff's first action was timely filed. See K.S.A. 65-4908.

Even if we assume that the injury suffered by the plaintiff was not "reasonably ascertainable" until his testicle was removed on April 17, 1989, the two-year statute of limitations would have expired on April 17, 1991, under the specific provisions of K.S.A. 60-513(c), absent the filing of the medical malpractice screening panel request and application of the tolling provision of K.S.A. 65-4908. However, defendant concedes that the first action, filed September 16, 1992, and long after the two-year period from the act or reasonable ascertainment of injury, was timely filed.

The first action was timely filed because of the tolling provision of K.S.A. 65-4908, not because of the four-year repose period of K.S.A. 60-513(c). Once the action was timely filed within the provisions of our procedural statutes, plaintiff is entitled to all of the

protections afforded any other timely filed civil action, including the savings provision of K.S.A. 60-518.

In *Denton v. Atchison*, 76 Kan. 89, 91, 90 Pac. 764 (1907), we stated:

"The general periods of limitation are not changed by [the savings] provision, but it is intended to give a party who within the proper time brought an action which was disposed of otherwise than upon the merits after the statute of limitations had run [six months] of grace in which to reinstate his case and obtain a determination upon the merits."

See also *Rogers v. Williams, Larson, Voss, Strobel & Estes*, 245 Kan. 290, Syl. ¶ 1, 777 P.2d 836 (1989) (60-518 is savings statute and not tolling statute); 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-518 (1994 Supp.) (60-518 cannot be considered as extension of limitation period; its purpose and effect simply saves litigant from limitation bar).

The Court of Appeals in *Goldsberry v. Lewis*, 2 Kan. App. 2d 56, 57, 574 P.2d 566 (1978), stated: "[W]hen plaintiff's action has failed otherwise than on the merits and he thereafter commences a new action, he is to be afforded the protection or benefit of K.S.A. 60-518 if it is found that the earlier action has been commenced in due time."

When the three statutes are read together and the obvious intent of each statute is given effect in relation to the others, we conclude that the language "and the time limited for [filing the action] shall have expired" in K.S.A. 60-518 and the language "shall toll any applicable statute of limitations" in K.S.A. 65-4908 should be construed broadly to include any time limitation, regardless of whether it be denominated a statute of limitations or a statute of repose. See K.S.A. 60-102. The repose provisions of 60-513(c) are not applicable to defeat the savings clause of 60-518 when the initial action was timely filed, even though the second action is not filed until more than four years after the act which gave rise to the cause of action. Although there may be basic differences between statutes of limitation and statutes of repose as discussed in *Harding*, we do not find the difference in semantics or the procedural versus substantive argument persuasive under the facts of this case and the

statutes discussed herein. The repose provisions of K.S.A. 60-513(c) simply do not apply under the facts of this case.

We conclude that once an action is timely filed under the provisions of a so-called ordinary statute of limitations or within the applicable time limitations of a repose statute, such as K.S.A. 60-513(b) or (c), the action is then subject to the savings provision of K.S.A. 60-518. We also conclude that the tolling provision of K.S.A. 65-4908 is applicable to medical malpractice actions that might otherwise be barred by K.S.A. 60-513(c). In the instant case the original action, although filed more than two years after the cause of action arose, was timely filed because of the tolling provision of K.S.A. 65-4908. The first action, having been timely filed, was subject to the savings provision of K.S.A. 60-518, and therefore the second action was also timely and not barred by K.S.A. 60-513(c).

The judgment is affirmed.

SIX, J., concurs in the result.