## A96A1997. THOMPSON v. LONG.
(484 SE2d 666)

RUFFIN, Judge.

On May 2, 1994, Edna Thompson sued Crawford W. Long, M.D. for "professional malpractice." In the complaint, Thompson alleged that "[o]n July 25, 1988, during the course of surgery, [her] unborn child died due to the negligent handling of her prenatal care." Long answered the complaint and filed a motion to dismiss, arguing that the action was barred by the five-year statute of repose for medical malpractice actions. The trial court granted Long's motion to dismiss, and Thompson appeals. Thompson asserts that the trial court erred in dismissing her complaint because (1) the statute of repose for medical malpractice actions is unconstitutional, (2) her complaint alleged negligence as well as medical malpractice, and (3) her claims based on Long's intentional acts were not subject to the five-year statute of repose. For reasons which follow, we affirm.

The record shows that Thompson originally filed a pro se complaint for medical malpractice against Long on July 25, 1990.[1] After obtaining counsel, Thompson voluntarily dismissed that complaint on November 4, 1993, and refiled it on May 2, 1994. Neither Thompson's refiled complaint nor an amendment filed on August 2, 1994, alleges that Long committed any negligent acts after the July 25, 1988 surgery.

1. The two-year statute of limitation and five-year statute of repose for medical malpractice actions are codified at OCGA § 9-3-71 (a) and (b). Those subsections provide that "(a) [e]xcept as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred. (b) Notwithstanding subsection (a) of this Code section, in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred."

Thompson argues that "[t]he five year statute of repose is unconstitutional in that it arbitrarily distinguishes medical malpractice claimants from all other personal injury claimants and subjects medical malpractice claimants to abrogation of their claims." Our Supreme Court has already responded to the same argument in ruling that OCGA § 9-3-71 (b) is constitutional. *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657 (1) (437 SE2d 308) (1993). Accordingly, for the reasons discussed in *Craven*, Thompson's first enumer-

---

[1] Although the trial court dismissed Thompson's original complaint due to her alleged failure to comply with OCGA § 9-11-9.1, we reversed that decision in *Thompson v. Long*, 201 Ga. App. 480 (411 SE2d 322) (1991).

ation of error is without merit. Id.

2. Before reaching the merits of Thompson's other assertions, we note the following. Although Thompson voluntarily dismissed and refiled her complaint within six months as provided for by OCGA §§ 9-11-41 (a) and 9-2-61 (a), such refiling did not put the refiled complaint "upon the same footing" as the original complaint. See *Wright v. Robinson*, 262 Ga. 844, 845 (1) (426 SE2d 870) (1993). Because Thompson refiled her complaint more than five years after the date on which any alleged negligent or wrongful acts occurred, as discussed below, the claims presented are subject to dismissal under the statute of repose. See id. As stated by the Supreme Court in *Wright*, "the legislature never intended for the dismissal and renewal statutes to overcome the statute of repose." Id. at 846 (1).

3. Thompson asserts that in addition to her medical malpractice claims, her complaint includes claims of simple negligence resulting in personal injuries that are not barred by the statute of repose. Specifically, Thompson asserts that her claims for emotional pain and suffering and emotional distress sound in simple negligence. We disagree.

OCGA § 9-3-70 (1) defines an "action for medical malpractice" as "any claim for damages resulting from the death of or injury to any person arising out of: (1) Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service. . . ." A professional negligence action is a professional malpractice action that calls into question the conduct of a professional in his area of expertise. See *Moore v. Louis Smith Mem. Hosp.*, 216 Ga. App. 299, 300 (454 SE2d 190) (1995).

In this case, Thompson alleged that Long determined she was pregnant after examining her and performing other diagnostic work. Thompson further claims that she informed Long of several symptoms she was experiencing and that, following two sonograms, he performed an emergency C-section during which her "unborn child died due to the negligent handling of her prenatal care." Finally, Thompson alleged in her complaint that "[t]his action is one for professional malpractice in which [Long] failed to exercise the required degree and standard of care and caused injury to [her] from a want of such care and skill."

Although Thompson alleged she sustained various injuries resulting from Long's conduct, including those for emotional pain and distress, her complaint and the amendment to her complaint clearly allege that all such injuries resulted from Long's professional malpractice. Though it is true that an injury sustained under a doctor's care may be the result of simple negligence (see id.), the record shows that Thompson did not assert any such claims in this case. Accord-

ingly, we conclude that Thompson's claims for emotional pain and distress sound in professional malpractice and are subject to the five-year statute of repose.

4. In her last enumeration of error, Thompson asserts that her claim for punitive damages based on Long's alleged intentional acts was not subject to the five-year statute of repose. Specifically, Thompson refers to the amendment to her complaint in which she alleged that Long's conduct *as described in the original Complaint* establishes a conscious and wanton disregard for the life of the Plaintiff, individually and of the rights of the child. . . ." (Emphasis supplied.) Because we find that such a claim was based on Long's alleged professional malpractice, we conclude that the claim is barred by the five-year statute of repose (OCGA § 9-3-71 (b)).

A claim for "professional malpractice" can be based on intentional acts. " 'Webster's Third International Dictionary defines "malpractice" as "a dereliction from professional duty whether *intentional*, criminal, or merely negligent by one rendering professional services that results in injury, loss, or damage to the recipient of those services. . . ." ' " (Citation omitted; emphasis supplied.) *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508 (451 SE2d 66) (1994). Similarly, OCGA § 9-3-71 (a), which defines "medical malpractice," does not limit such claims to claims of professional negligence, but includes "any claim for damages" arising out of the defined provision of medical services. Moreover, the plain language of OCGA § 9-3-71 (b) shows that the statute of repose is not limited to professional negligence cases. Rather, OCGA § 9-3-71 (b) abrogates all claims "for medical malpractice . . . brought more than five years after the date on which the negligent *or wrongful* act or omission occurred." (Emphasis supplied.)

The mere fact that Thompson alleged that Long's conduct was intentional does not mean that her claims were not medical malpractice claims barred under OCGA § 9-3-71 (b). To the contrary, the conduct upon which Thompson relies to establish her intentional tort claims, was "described in the original Complaint" as the "handling of her prenatal care." Such a claim is clearly included in the definition of "medical malpractice" under OCGA § 9-3-70 (1). Accordingly, we conclude that Thompson's claims of intentional conduct were medical malpractice claims barred by the five-year statute of repose. OCGA § 9-3-71 (b). This conclusion is consistent with the intent of OCGA § 9-3-71 (b) to establish a period of "ultimate repose and abrogation," (OCGA § 9-3-71 (c)), "when past transgressions are no longer actionable." *Craven*, supra at 660 (2). The statute stands as an "absolute" and "unyielding barrier to [Thompson's] right of action." *Wright*, supra at 845 (1). The fact that Thompson was seeking punitive damages for these acts does nothing to change the result.

*Judgment affirmed. Johnson, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 25, 1997 —
RECONSIDERATION DENIED MARCH 26, 1997 —

*Hinton & Powell, Andrew J. Hinton, Jr.,* for appellant.
*Sullivan, Hall, Booth & Smith, David V. Johnson,* for appellee.