**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 19, 2025**

# In the Court of Appeals of Georgia

A24A1392. COLEMAN, ET AL v. GRENDA, ET AL.

HODGES, Judge.

Kevin and Luceta Coleman appeal from the trial court's order dismissing their renewal complaint as barred by the five-year statute of repose for medical malpractice actions. The Colemans argue that the defendants are equitably estopped from relying on the statute of repose because they fraudulently concealed their negligence. But as the trial court properly ruled, the alleged fraud did not deter the Colemans from timely pursuing litigation; therefore, equitable estoppel does not apply here. We affirm.

"An appellate court reviews de novo a trial court's ruling on a motion to dismiss, accepting as true all well-pled material allegations in the complaint and

resolving any doubts in favor of the plaintiff." (Citation and punctuation omitted.) *Golden v. Floyd Healthcare Mgmt.*, 319 Ga. 496, 496-497 (1) (904 SE2d 359) (2024). Viewed in this light, the record shows that Kevin Coleman underwent heart bypass surgery on December 7, 2017. Dr. David Grenda was the anesthesiologist in charge of Coleman's care during the procedure. Grenda was assisted by Michael Chambers and other anesthetists from Grenda's practice, American Anesthesiology of Georgia, LLC. A peripheral IV line was placed in Coleman's right arm, which was then tucked by his side and draped during surgery. The IV was used to administer anesthesia medications and crystalloid saline solution to Coleman.

When Coleman's right arm was uncovered after the procedure, his forearm was purple and "profoundly swollen and blistered," and no pulse could be detected. Coleman's IV had "infiltrated," meaning the solution had "run outside of the vessel. . . . and go[tten] into the surrounding tissue." Grenda called in an orthopedic surgeon, who determined that Coleman had compartment syndrome, which occurs when fluid builds up inside the compartments of a limb, cutting off blood supply. The surgeon performed an emergency fasciotomy and carpal tunnel release to "prevent muscle death and necrosis" in Coleman's forearm.

In September 2018, Coleman and his wife filed a tort action against Grenda and American Anesthesiology of Georgia, alleging that their negligence caused his compartment syndrome. During discovery, the plaintiffs deposed Grenda, who testified that Coleman's IV infiltration occurred after his heart surgery, when Chambers tried to return Coleman's leftover bypass blood back into his body through the IV. The surgeon who performed the emergency fasciotomy, however, testified at his deposition that Coleman's forearm compartments were full of crystalloid IV fluid, not blood; and the plaintiffs' expert witness opined that, based on the severity of Coleman's compartment syndrome, the infiltration must have resulted from the administration of a "significant amount of fluid" through the IV "over a period of hours" during the surgery.

Chambers testified at his deposition that he kept a handwritten "cheat sheet" during Coleman's surgery with a running tally of the amount of crystalloid solution given to Coleman. Chambers further testified that after surgery, these cheat sheets are either shredded or given to an ICU nurse. The cheat sheet that Chambers kept in this case apparently is no longer available.

In March 2023, the plaintiffs dismissed their complaint without prejudice for reasons that are not clear from the record. In September 2023, they filed this renewal action, which they claim is "based upon substantially the same cause of action as the previously dismissed suit." The renewal complaint asserts claims for negligence and loss of consortium, alleging that Coleman's IV infiltration occurred because the defendants did not properly monitor and assess his IV line during surgery.

The defendants moved to dismiss the renewal complaint, arguing that it was filed outside OCGA § 9-3-71 (b)'s five-year statute of repose for medical malpractice actions.[1] In response, the plaintiffs claimed that the statute of repose was tolled by the defendants' fraudulent efforts to conceal the true cause of the infiltration, which they did not discover until Chambers's 2019 deposition. Specifically, the plaintiffs argued that Chambers deliberately destroyed his "cheat sheet" — the only evidence of the true amount of crystalloid IV fluid that Coleman received — to "perpetuate the . . . fraud" that the infiltration was caused by the post-operative return of bypass blood to Coleman's body rather than by their negligent monitoring of the IV during the surgery. The plaintiffs also filed an amended renewal complaint, adding a claim for

---

[1] The defendants also argued that the plaintiffs' OCGA § 9-11-9.1 affidavits were legally insufficient, but the trial court did not reach that issue.

4

fraud. The defendants moved to dismiss the fraud claim on the grounds that it was time-barred and did not toll the statute of repose.

Following a hearing, the trial court granted the defendants' motion to dismiss. The court ruled that the renewal action was barred because it was filed outside the statute of repose, and the defendants' alleged fraud did not toll the statute of repose because it did not deter the plaintiffs from filing suit. The plaintiffs appeal.

Under OCGA § 9-3-71 (b), "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." This subsection "is intended to create a five-year statute of ultimate repose and abrogation." OCGA § 9-3-71 (c).

> A statute of repose stands as an unyielding barrier to a plaintiff's right of action. The statute of repose is absolute; the bar of the statute of limitation is contingent. The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists.

(Citation and punctuation omitted.) *Piedmont Hosp. v. D. M.*, 335 Ga. App. 442, 445 (2) (779 SE2d 36) (2015). The statute of repose applies to renewal actions. *Wright v. Robinson*, 262 Ga. 844, 846 (1) (426 SE2d 870) (1993). See also *Macfarlan v. Atlanta*

*Gastroenterology Assoc.*, 317 Ga. App. 887, 891 (2) (732 SE2d 292) (2012) (holding that "the statute of repose controls any attempt to renew a medical malpractice action").

In this case, the defendants' alleged negligence occurred on December 7, 2017. The plaintiffs' renewal complaint was filed more than five years later, on September 7, 2023. The five-year statute of repose for medical malpractice actions therefore bars the renewal complaint.

The plaintiffs argue that the defendants' fraud tolled the statute of repose and that the trial court erred by ruling otherwise. The plaintiffs cite *Esener v. Kinsey*, 240 Ga. App. 21 (522 SE2d 522) (1999), in which a mother brought a medical malpractice action against the doctor who delivered her baby more than ten years earlier, alleging that the doctor's negligence had caused the baby's anoxic brain damage. The complaint alleged that the doctor had intentionally concealed the true cause of the baby's brain damage from the mother to deter the mother from bringing suit. Id. at 21-22. The doctor moved for judgment on the pleadings, arguing that the lawsuit was barred by the statute of repose, but the trial court denied his motion. Id. We affirmed, holding that if the jury found "evidence of defendant's fraud or other conduct on which the plaintiff reasonably relied in forbearing the bringing of a lawsuit," then "the

6

defendant, under the doctrine of equitable estoppel, is estopped from raising the defense of the statute of ultimate repose." Id. at 23. We reasoned that "the statute of ultimate repose should not be applied to relieve a defendant of liability for injuries which occurred during the period of liability, but which were concealed from the patient by the defendant's own fraud." Id. at 22. "In other words, the defendant would not be allowed to cause the plaintiff to miss the deadline imposed by the statute of repose and then use that same statute to defeat the plaintiff's otherwise viable action." *Rosenberg v. Falling Water, Inc.*, 289 Ga. 57, 60 (709 SE2d 227) (2011) (paraphrasing *Esener*).

This case is similar to *Esener*, the plaintiffs say, because the defendants "effectively delayed pursuit of the actual cause of the compartment syndrome until over 17 months after surgery." However, as the trial court pointed out, the fraud alleged in this case — concealment of the true cause of Coleman's compartment syndrome — did not deter the plaintiffs from bringing suit. They did not "miss the deadline." *Rosenberg*, 289 Ga. at 60. Rather, the plaintiffs filed their initial complaint well within the five-year statute of repose, claiming just as they do now that Coleman's compartment syndrome was caused by the defendants' negligence. Thus,

the harm that *Esener* sought to remedy — a defendant's use of fraud to delay the filing of an action — did not occur here. Therefore, the plaintiffs may not avoid the "unyielding barrier" of the five-year statute of ultimate repose in this case. *Piedmont Hosp.*, 335 Ga. App. at 445 (2).

The plaintiffs contend that the trial court's ruling improperly elevates the defendants' alleged concealment to "acceptable fraud." In the plaintiffs' view, "there should be no distinction between fraud which delays filing an action for medical negligence and fraud which derails the litigation of an action already filed." But the plaintiffs fail to show how the alleged fraud derailed the litigation. Not only did they timely file their initial complaint, but they also conducted discovery that yielded evidence about the cause of Coleman's injuries — including the alleged fraud — well within the five-year repose period.[2] Nevertheless, the plaintiffs chose to voluntarily dismiss the complaint and file a renewal action outside the repose period. Under these

---

[2] The defendants point out that although the plaintiffs discovered the alleged fraud before the expiration of the statute of repose, they never added a fraud claim to their initial complaint, and they added such a claim to the renewal complaint only after the defendants moved to dismiss based on the statute of repose. The defendants thus argue that the plaintiffs' "belated fraud allegation is simply an attempt to circumvent the statute of repose." We express no opinion on the plaintiffs' subjective motives or on the merits of their fraud claim.

circumstances, the defendants are not equitably estopped from relying on the statute of repose.

*Judgment affirmed. Doyle, P. J., and Watkins, J., concur.*