**Perry and Martha ARNOLD, Individually and as Parents and Guardians of James R. Arnold, and James R. Arnold, Plaintiffs,**

v.

**RIDDELL, INC., and Midwest Athletics, Inc., Defendants.**

Civ. A. No. 90–1485–FGT.

United States District Court, D. Kansas.

April 5, 1994.

Richard D. Cordry, Cordry, Hund & Hartman, Wichita, KS, Charles G. Young, III, Litvin, Blumberg, Matusow & Young, Philadelphia, PA, for plaintiffs.

Stephen G. Dickerson, Kugler & Dickerson, David A. Hoffman, Donald W. Vasos, Law Offices of Donald W. Vasos, Kansas City, KS, for defendants.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This is a products liability action brought against the manufacturer of a football helmet and one other defendant. Jurisdiction is based on diversity of citizenship. Plaintiffs filed this action on October 2, 1990. Plaintiffs allege that plaintiff James R. Arnold ("James") was severely injured while playing in an Ashland High School football game on October 28, 1988. Plaintiffs allege that James collided with another player, the impact occurring on the top of James' head. The collision caused a fracture of the cervical spine and left James without the use of his arms or legs. Plaintiffs allege that James' injuries are attributable, at least in part, to defects in the football helmet James was wearing during the game on October 28, 1988.

At the time of his injury, James was wearing a helmet manufactured by defendant Riddell, Inc. The model of the helmet was PAC–3. The shell of James' helmet wore was imprinted with the number 08, a line directly below that number, the number 76 below the line, and a circle around the numbers. It is undisputed that this means that particular helmet was manufactured in August 1976. It is also undisputed that the helmet had a system of padding, which is crucial to a helmet's ability to protect the player. From time to time, the padding system is replaced. The pads inside James' helmet were all marked with dates between 1980 and 1984. In particular, the top liner pads, which the plaintiffs claim were defective, were marked March 1982. These dates indicate when the pads were manufactured. Riddell manufactured all the padding in James' helmet. It is uncontroverted that the helmet James wore was reconditioned twice, once in 1983 and once in 1986.

Riddell's helmets which were shipped on or after September 24, 1979, were marked with a shipping date. The helmet worn by James did not include a shipping date. Therefore, defendant argues it must have shipped that particular helmet before September 24, 1979.

Defendant contends that the helmet James wore was originally purchased by Ashland High School in 1976 or 1977. At that time, Ashland High School purchased football equipment through GW Sporting Goods. The invoices for the purchase of the helmets have been discarded. However, defendant has presented a computer printout which shows that the school board approved the purchase of sporting equipment for Ashland High School's football team on June 30, 1976. Defendant has also presented the testimony

of Ashland High School's football coach, who estimated that because the helmet was manufactured in 1976, it must have been purchased in 1977 or 1978, and of the former principal of the school, who estimated that because the helmet was manufactured in 1976, it must have been purchased in 1976 or 1977. John Stineman, former salesman for GW Sporting Goods, also opined that Ashland probably purchased the helmet in 1976 or 1977. The defendant has not introduced testimony that any of these witness has an independent recollection of when helmets were purchased.

The matter is before the court on defendant Riddell's motion for summary judgment. (Doc. 58). Riddell asserts that the applicable statutes of limitations and statutes of repose bar the plaintiffs' claims against it.

The court is familiar with the standards governing the consideration of a motion for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In this case, Riddell, the party moving for summary judgment, has the burden of proof on its defense of statute of limitations. *Admire Bank & Trust v. City of Emporia,* 250 Kan. 688, syl. ¶ 5, 829 P.2d 578 (1992). "A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists." *Deines v. Vermeer Mfg. Co.,* 752 F.Supp. 989, 993 (D.Kan.

1990). The moving party must, therefore, present sufficient evidence to support a judgment in its favor. *See United States v. Dibble,* 429 F.2d 598, 601 (9th Cir.1970) ("A summary judgment is neither a method of avoiding the necessity for proving one's case nor a clever procedural gambit whereby a claimant can shift to his adversary his burden of proof on one or more issues."). Once the moving party has properly supported its motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials, but must set forth specific facts showing a genuine issue for trial, relying upon the types of evidentiary materials contemplated by Rule 56. Fed.R.Civ.P. 56(e). The court reviews the evidence on summary judgment under the substantive law and based on the evidentiary burden the party will face at trial on the particular claim. *Anderson,* 477 U.S. at 254, 106 S.Ct. at 2513.

## 1. Statute of Repose

Defendant bases its first argument for summary judgment on K.S.A. § 60–513, which provides in pertinent part:

(a) The following actions shall be brought within two years:

. . . . .

(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.

. . . . .

(b) Except as provided in subsection (c), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, ... but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.

■ The parties agree that K.S.A. § 60–513(a)(4) applies to this case and that this action was brought within two years of the injury to James Arnold. Furthermore, the parties agree that the statute requires the action to be brought within ten years of when the defendant committed the wrongful act which gives rise to the lawsuit. K.S.A. § 60–513(b). This is an absolute limitation. *See*

*Dobson v. Larkin Homes, Inc.*, 251 Kan. 50, 52, 832 P.2d 345 (1992). However, the parties dispute when that act occurred.

■ Defendant contends that the ten year statute of repose commenced when the helmet was manufactured, August 1976, or at least no later than September 24, 1979, because the helmet was certainly shipped before that time. Therefore, according to Riddell, this action is untimely. However, as plaintiffs note, the helmet was reconditioned in 1983 and 1988, and the allegedly defective top pads were manufactured in 1982. Therefore, plaintiffs argue, the action was brought well within the statute of repose.

The court agrees with plaintiffs' analysis. If plaintiffs had claimed that only the helmet shell was defective, then this action would be untimely. However, plaintiffs have alleged defects in the entire protective system of the helmet, and in particular the top pad. Therefore, plaintiffs allege that defendant committed a wrongful act in the manufacture of those pads. At the earliest, then, the statute of repose commenced to run in 1982, when the top pads were manufactured. This action, brought in 1990, is therefore timely under K.S.A. § 60–513.

## 2. Kansas Products Liability Act

■ Defendant next argues that under the Kansas Products Liability Act, a manufacturer is not liable for injuries caused by a product whose "useful safe life" has expired. K.S.A. § 60–3303(a)(1). The seller bears the burden of proving the expiration of the useful safe life of its product. *Id.* However, there is a presumption that any harm caused more than ten years after delivery was caused after the useful safe life had expired. K.S.A. § 60–3303(b)(1). The presumption may be rebutted only by clear and convincing evidence. K.S.A. § 60–3303(b)(1). Defendant argues that the best evidence shows that James' helmet was sold to Ashland High School in 1976 or 1977. Because James' injury occurred in October 1988, defendant argues that the claim is time barred.

Plaintiffs again note that the allegedly defective padding system was installed into the helmet in 1983 or 1986, less than ten years before James was injured. Defendant counters that if this court holds that this action is timely, this will virtually eliminate the statute of repose because a new ten-year period will commence every time a part is replaced in a product. The court disagrees. In this case, plaintiffs have alleged injury caused, at least in part, by a defect in the replacement part itself. The court holds only that in such a case, the action must be commenced within the useful safe life of the replacement part.[1] The defendant has produced no evidence of the useful safe life of a football helmet's padding system. Therefore, the court must conclude, for purposes of deciding this motion, that the injury occurred within the useful safe life of the helmet padding, and the action is timely under the Kansas Products Liability Act.

Moreover, as plaintiffs note, defendant has no concrete evidence as to time of delivery other than that the helmet was shipped from Riddell sometime before September 24, 1979. The statements of witnesses that the helmet was purchased in 1976, 1977, or 1978, are pure speculation based only on the date of manufacture. The June 1976 computer printout showing purchases for the football team do not indicate whether football helmets were purchased. It is unclear, then, whether the helmet was delivered more than ten years before James was injured in October 1988. The date of manufacture is irrelevant under the Kansas Products Liability Act. The trigger for the statute of repose is the date of delivery to the first purchase "who was not engaged in the business of either selling such products...." K.S.A. § 60–3303(a)(1).

## 3. Breach of Express and Implied Warranties

■ Finally, defendant argues that plaintiffs' breach of warranty claims are barred by the applicable statute of limitations.

---

1. It appears that there is also a genuine issue of material fact as to the useful safe life of a football helmet. The fact that James' helmet was recon-

ditioned in 1986, ten years after it was manufactured, indicates that the defendants believed its useful safe life was more than ten years.

The Uniform Commercial Code, K.S.A. § 84–2–725(1), provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." A cause of action accrues at the time of the breach, which is defined as the time of tender of delivery, regardless of whether the aggrieved party knows of the breach at that time. K.S.A. § 84–2–725(2). Because this case was not brought within four years of delivery of the helmet, defendant argues that the breach of warranty claims are barred.

■ Plaintiffs do not dispute defendant's statement of the law, but rather its applicability to this case. Where a breach of warranty results in personal injury, the injured party's cause of action sounds in tort. *See Haysville U.S.D. No. 261 v. GAF Corp.,* 233 Kan. 635, 644, 666 P.2d 192 (1983). Therefore, the federal courts of this district have held that the Kansas Supreme Court would apply the statute of limitations found at K.S.A. § 60–513 to such an action. *Cowan by Cowan v. Lederle Lab.,* 604 F.Supp. 438, 441 (D.Kan.1985) (quoting *Grey v. Bradford–White Corp.,* 581 F.Supp. 725, 728 (D.Kan. 1984). The statute of limitations under the Uniform Commercial Code does not apply. As discussed above, plaintiffs' action is timely under K.S.A. § 60–513. Therefore, summary judgment is not appropriate as to plaintiffs' breach of warranty claims.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendant's motion for summary judgment (Doc. 58) is hereby denied.