Darryl DIERKSEN, a minor, By and Through his parents and natural guardians, Timothy R. DIERKSEN and Sherry Dierksen, Plaintiff,

v.

NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION, formerly known as International Harvester Corporation, a Delaware corporation, Defendant.

No. 95–1242–WEB.

United States District Court,
D. Kansas.

Jan. 25, 1996.

Roger M. Theis, John T. Moore, Hinkle, Eberhart & Elkouri, Wichita, KS, and Gerald L. Michaud, the Law Offices of Gerald L. Michaud, Derby, KS, for plaintiffs.

Larry A. Withers, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, Thomas O. Baker, Kara Trouslot Stubbs, and James T. Seigfreid, Jr., Baker, Sterchi & Cowden, Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

WESLEY E. BROWN, Senior District Judge.

The complaint in this products liability action alleges that plaintiff Darryl Dierksen, a minor child, was injured by a defective tractor-type lawn mower manufactured by defendant Navistar. Each side has filed a motion for summary judgment. Plaintiff's motion requests that certain defenses be stricken from the answer. Defendant's motion asserts that plaintiff's claims are time-barred under K.S.A. § 60–515. The court heard oral argument on the motions on January 17, 1996, and is now prepared to rule. For the reasons set forth herein, the court concludes that plaintiff's claims are time-barred. Accordingly, defendant's motion will be granted and plaintiff's motion will be denied as moot.

### UNCONTROVERTED FACTS

For purposes of summary judgment the parties have agreed to the following statement of uncontroverted facts.

1. This is a product liability lawsuit in which plaintiff Darryl Dierksen seeks recovery for personal injuries sustained during a lawn mower accident which occurred on May 15, 1987.

2. Plaintiff commenced this lawsuit against defendant Navistar International Transportation Corporation, formerly known as International Harvester Corporation, on May 11, 1995.

3. On May 15, 1987, plaintiff's mother was operating the International Harvester Cub Cadet 1650 tractor mower, Serial No. 205 0670 U562999, with mower deck Model 44A, Serial No. 032 0017 U073581, when she placed the mower in reverse and proceeded to back up, unaware that plaintiff had approached her from the rear.

4. As plaintiff's mother operated the tractor mower in reverse, the mower struck plaintiff causing him to sustain personal injuries.

5. Plaintiff seeks compensatory and punitive damages from defendant Navistar for the allegedly defective design, manufacturing, labeling, and sale of the tractor mower and mower deck described above.

6. Plaintiff's complaint seeks recovery against Navistar upon the theories of strict liability, negligence, and breach of express and/or implied warranty, negligence per se, and intentional tort.

7. The International Harvester Cub Cadet 1650 tractor at issue in this lawsuit was manufactured in part and distributed by International Harvester, now known as Navistar, in August of 1975.

8. The International Harvester Cub Cadet 1650 tractor at issue in this lawsuit was sold to its original owner, a purchaser not in the business of selling such tractors, on May 1, 1976.

9. Darryl Dierksen, a minor, was born on October 11, 1984.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT— ARGUMENTS

■ Defendant Navistar contends plaintiff's claims are barred by the eight-year statute of repose in K.S.A. § 60–515(a). Defendant argues that the language of that section clearly and unambiguously bars the claims. Section 60–515 states in part:

**60–515. Persons under legal disability.** (a) *Effect.* [I]f any person entitled to bring an action, ... at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, ... such person shall be entitled to bring such action within one year after the person's legal disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.

Defendant points out that "the time of the act giving rise to the cause of action" refers to the date of the defendant's last negligent act, not the date of the plaintiff's injury. *See Swartz v. Swartz*, 20 Kan.App.2d 704, 894 P.2d 209, 212 (1995); *Gilger v. Lee Construction, Inc.*, 249 Kan. 307, 820 P.2d 390 (1991). In a product liability action, the defendant's last wrongful act is typically the act of manufacturing or selling a defective product. *See Nida v. American Rock Crusher Co.*, 253 Kan. 230, 855 P.2d 81, 87 (1993). In this case, the mower was manufactured in 1975 and sold to a non-business purchaser in 1976. The suit was filed in 1995, well over eight years after the initial sale. Defendant thus contends the suit is barred.

■ Plaintiff argues that the repose provision in § 60–515(a) is inapplicable asserting that, in a product liability action, the controlling statute of repose is the "useful safe life" period set forth in the Kansas Product Liability Act, K.S.A. § 60–3301, et seq. Section 60–3303 of the KPLA provides in part that a product seller shall not be liable in a product liability claim if the harm was caused after the product's "useful safe life" had expired. "Useful safe life" begins at the time of delivery of the product and extends for the time during which the product would normally be likely to perform or be stored in a safe manner. In claims involving harm caused more than ten years after delivery, a presumption arises that the harm was caused after the useful safe life had expired. K.S.A. § 60–3303(b)(1). Although the harm in the instant case was caused more than ten years after delivery, the parties have not conducted discovery concerning the mower's "useful safe life" and they agree that the issue of

whether plaintiff can overcome the ten-year presumption is not before the court at this time. For purposes of summary judgment, then, the court assumes plaintiff's claim is not barred by the statute of repose in § 60–3303.

Plaintiff contends that Kansas case law requires periods of repose other than the KPLA's flexible ten-year rule to give way in product liability actions. In support, plaintiff cites *Baumann v. Excel Industries, Inc.*, 17 Kan.App.2d 807, 845 P.2d 65, *rev. denied* (1993), in which the Kansas Court of Appeals addressed the issue of which statute of repose governed in a product liability action: the general ten-year period of repose in K.S.A. § 60–513(b)[1] or the KPLA's more flexible "useful safe life" period. Relying on the principle that a specific statute controls over a general one, *Baumann* held that § 60–3303 constituted the governing statute of repose in a product liability action. *Baumann*'s reasoning was endorsed by the Kansas Supreme Court in *Kerns v. G.A.C., Inc.*, 255 Kan. 264, 875 P.2d 949 (1994) and has also been applied in two federal cases arising under Kansas law, *Strunk v. Lear Siegler, Inc.*, 844 F.Supp. 1466 (D.Kan.1994) and *Speer v. Wheelabrator Corp.*, 826 F.Supp. 1264 (D.Kan.1993). Plaintiff argues that, consistent with the legislature's intent to establish a uniform statute of repose for product liability claims, the KPLA's flexible ten-year period of repose likewise displaces § 60–515's eight-year period for claims by persons under legal disability.[2]

Both parties assert constitutional arguments to support their positions. Plaintiff contends § 60–515(a) cannot bar his claim because subjecting minors with product lia-

bility claims to an eight-year statute of repose while affording similarly situated adults ten or more years would violate equal protection of the laws. Plaintiff points out that under defendant's interpretation of these statutes, a minor injured nine years after delivery of a product would be time-barred but an adult injured at the same time would still be able to recover. Plaintiff argues that such discrimination is not rationally related to any legitimate governmental purpose. For its part, defendant argues that allowing plaintiff to recover on a claim beyond the eight-year period of § 60–515(a) would be a deprivation of property without due process. (Citing *Swartz v. Swartz*, 20 Kan.App.2d 704, 894 P.2d 209 (1995) ("The legislature cannot revive a cause of action barred by a statute of repose, as such action would constitute the taking of property without due process.").

## DISCUSSION

This diversity action is governed by the substantive law of Kansas. *See Klaxon Co. v. Stentor Elec. Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). The primary issue the court must decide is whether the eight-year repose provision in § 60–515(a) conflicts with and is displaced by the KPLA's "useful safe life" provision. Despite a legion of Kansas cases interpreting these statutes, the court finds no clear answer to this question. In such a circumstance, the court must predict how the Kansas Supreme Court would rule. Because of this, the court inquired at oral argument whether the issue should be certified to the Kansas Supreme Court, but both parties agreed that this court should rule on the issue.

---

1. Under § 60–513(a)(4), actions for injury to the rights of another not arising on contract generally must be filed within two years of when the cause of action accrues. Section 60–513(b) provides that such a cause of action "shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, *but in no event shall an action be commenced more than ten years beyond the act giving rise to the cause of action.*" K.S.A. § 60–513 (emphasis added).

2. Plaintiff draws a distinction between the first portion of § 60–515(a), which tolls the statute of limitations for minors, and the eight-year repose provision in the last portion of § 60–515(a). He asserts that the special tolling rule is unaffected by § 60–3303, pointing out that although the KPLA contains its own statute of repose, it does not contain a statute of limitations. As such, he argues, the KPLA does not disturb the general statute of limitations provisions in § 60–501 et seq., including the special tolling rule in the first part of § 60–515(a).

Three different statutes must be examined to place the issue in context. First, the Kansas statute of limitations applicable to most tort claims, K.S.A. § 60–513(a)(4), bars claims that are not filed within two years of when they accrue. Subsection (b) of § 60–513 goes on to say that such claims do not accrue until the act giving rise to the cause of action first causes substantial injury; or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party "but in no event shall an action be commenced more than 10 years beyond the time giving rise to the cause of action." The legislature intended this last clause to be a statute of repose that is triggered by an act of a defendant rather than an injury to the plaintiff; it can operate to bar a cause of action that has not yet accrued. *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 831 P.2d 958 (1992).

The second relevant provision is § 60–515(a), entitled "Persons under legal disability," which tolls the statute of limitations for persons under legal disability. It permits a person under legal disability who has a cause of action "to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action." K.S.A. § 60–515(a). Under Kansas case law, this last clause is also considered a statute of repose, and the "time of the act giving rise to the cause of action" means the time of the defendant's last wrongful act rather than the time the defendant's act causes an injury to the plaintiff. *See Gilger v. Lee Construction, Inc.*, 249 Kan. 307, 820 P.2d 390, 399 (1991); *Swartz v. Swartz*, 20 Kan.App.2d 704, 894 P.2d 209 (1995). It is undisputed in this case that the action was commenced more than eight years after the act giving rise to the cause of action.

The third relevant provision is K.S.A. § 60–3303, which is part of the Kansas Product Liability Act. As previously indicated, that section contains a repose provision stating that a product seller shall not be liable in a product liability claim if the harm was caused after the product's useful safe life had expired. A presumption arises that the useful safe life had expired if the injury was caused more than ten years after delivery of the product. It should be noted that the KPLA contains no separate statute of limitations; product liability claims are therefore generally subject to the two-year statute of limitations in K.S.A. § 60–513(a)(4).

At first glance, plaintiff's argument that the repose period of § 60–515 is displaced by the KPLA period of repose appears to be supported by court decisions involving § 60–513(b), the ten-year statute of repose applicable to most tort claims. Kansas cases now make clear that in product liability actions the KPLA's "useful safe life" provision conflicts with and controls over the general ten-year statute of repose in § 60–513(b). *See e.g., Kerns v. G.A.C., Inc.*, 255 Kan. 264, 875 P.2d 949, 957 (1994).[3] Although such cases are close to the issue at hand, the court cannot agree with plaintiff that they dictate the same result with respect to § 60–515(a).

In *Baumann v. Excel Industries, Inc.*, 17 Kan.App.2d 807, 845 P.2d 65 (1993), the Kansas Court of Appeals cited three reasons why the KPLA's provision should control over § 60–513(b): (1) to find otherwise would ignore the general rule of statutory interpretation that a specific statute should control over a general statute; (2) to apply § 60–513(b) would render the rebuttable presumption in § 60–3303(b)(1) meaningless; and (3) to allow § 60–513(b) to control would remove the quid pro quo for adopting the KPLA statute of repose, which was designed to

**3.** Although *Kerns* was brought on behalf of a minor, the effect of 60–515 was not an issue in the case. Instead, the issue was whether the governing statute of repose was 60–513(b) or 60–3303(b). The Supreme Court's ultimate conclusion in the case is somewhat puzzling. The Court held that the plaintiff's claim was barred by 60–3303 despite the fact the Court said it was assuming the useful safe life of the product had not expired at the time of the injury. *See Kerns*, 875 P.2d at 955, 957.

balance the concerns of the manufacturer with the right of a consumer to recover for injuries suffered. *Id.*, 845 P.2d at 71. *See also Kerns*, 875 P.2d at 957 (endorsing *Baumann's* application of § 60–3303).

The *Baumann* rationale for displacing § 60–513(b) does not apply with equal force to an action by a minor under § 60–515(a). The primary canon of statutory construction utilized in *Baumann*—that a specific statute controls over a general one—is inapplicable here. In *Baumann* there was little doubt that both statutes addressed the same subject matter, with § 60–513(b) providing a general statute of repose for most tort claims (including product liability) and § 60–3303 providing a period of repose limited specifically to product liability claims. Because the two statutes presented conflicting periods of repose and could not both be given effect, the court held that the more specific statute should control. The period of repose for persons under legal disability, by contrast, cannot be displaced on the grounds that the KPLA provision is more specific. Although it is true that § 60–515(a) is a general statute in the sense that it can apply to almost any theory of recovery, it differs significantly from § 60–513(b) because it was intended to apply only to a specific class of persons. In singling out that class of persons for distinct treatment, § 60–515(a) represents a legislative determination that is not related to or subsumed within the scope of the KPLA's repose statute. To supplant § 60–515(a) with the KPLA provision would be to ignore a legislative determination concerning appropriate time limits on claims by persons under legal disability. The court is not persuaded that *Baumann* and its progeny support a finding that the KPLA repose provision displaces § 60–515(a).

At the same time, the court cannot accept defendant's suggestion that the eight-year limit on claims by persons under legal disability renders inapplicable the "useful safe life" provision in § 60–3303. To read

§ 60–515(a) as superseding or nullifying the "useful safe life" provision would, as *Baumann* observed, "remove the quid pro quo for adopting the KPLA statute of repose, which was designed to balance the concerns of the manufacturer with the right of a consumer to recover for injuries suffered." *Id.*, 845 P.2d at 71. More importantly, such a construction would contravene what appears to be the fundamental purpose of § 60–515(a). The statute of limitations normally requires a person to bring a claim such as this within two years of accrual of the cause of action. K.S.A. § 60–513(a)(4) & (b). Because of § 60–515(a), a person under a disability is relieved of the burden of the two-year rule and is permitted to bring a claim within one year of the removal of the disability, even if that occurs more than two years after the injury was discovered. Obviously, this is due to the fact that a legal disability is a hindrance to the bringing of a lawsuit. Thus, § 60–515(a) is fundamentally a special tolling rule that is designed to extend, rather than reduce, the time in which a person under a legal disability can file a claim. *See Lewis v. Shuck*, 5 Kan.App.2d 649, 623 P.2d 520, 523 (1981) ("The obvious purpose of [60–515] ... is to mitigate the difficulties of preparing and maintaining a civil suit while the plaintiff is under legal disability.") The court recognizes that § 60–513(a), like §§ 60–515 and 60–3303, contains an additional time limitation characterized as a statute of repose that must, if at all possible, be given effect. In light of the remedial purpose of § 60–515(a), however, can this eight-year provision reasonably be construed to give a person under a disability less time in which to bring an action than a similarly injured person not under a disability would have under § 60–513(b) or § 60–3303?[4] The court believes this would be an unreasonable interpretation. *See Todd v. Kelly*, 251 Kan. 512, 837 P.2d 381, 387 (1992) (The legislature is presumed to intend that a statute be given

---

4. As the Kansas Court of Appeals noted in *Wheeler v. Lenski*, 8 Kan.App.2d 408, 658 P.2d 1056, 1058–59 (1983), the legislature adopted the eight-year limitation (replacing a twenty-two year limit) at the same time it adopted a four-year period of repose for medical malpractice claims. This history suggests that the legislature might well have had the four-year limit in mind when it amended 60–515(a) and intended the eight-year period to grant minors an extended time for filing such claims beyond that which was available to adults.

a reasonable construction, so as to avoid unreasonable or absurd results.)

 Statutes of limitation are matters of legislative prerogative. *Stephens v. Snyder Clinic Ass'n.*, 230 Kan. 115, 631 P.2d 222, 235 (1981). "A primary rule for the construction of a statute is to find the legislative intent from its language, and where the language used is plain and unambiguous and also appropriate to an obvious purpose the court should follow the intent as expressed by the words used." *Ruthrauff v. Kensinger*, 214 Kan. 185, 519 P.2d 661, 664 (1974). It is the duty of the court, insofar as practical, to reconcile different statutory provisions so as to make them consistent, harmonious and sensible. *United Steelworkers of America, Local 4706 v. Kansas Comm. on Civil Rights*, 253 Kan. 327, 855 P.2d 905, 906 Syl. ¶ 1 (1993). Allegedly repugnant statutes are to be read together and harmonized, if at all possible, to the end that both may be given force and effect. *Harrah v. Harrah*, 196 Kan. 142, 409 P.2d 1007 (1966).

 The court concludes that the repose provisions of §§ 60–515(a) and 60–3303 can both be given effect by a construction that is faithful to the language and purpose of each. In *Cowan by Cowan v. Lederle Laboratories*, 604 F.Supp. 438, 443 (D.Kan.1985), Judge O'Connor spoke of the plaintiff "los[ing] the protection of this provision [60–515(a)]" if the 'act giving rise to the cause of action' occurred more than eight years prior to the date the suit was filed." This implies that the effect of the expiration of the eight-year period is not that a claim will necessarily be extinguished, but that the plaintiff will be deprived of the special tolling rule for persons under legal disability. Without the benefit of the tolling provision, the plaintiff would then be subject to the same statute of limitation and tolling rules as a person not under a legal disability. *Cf. Seymour v. Lofgreen*, 209 Kan. 72, 495 P.2d 969, 974 (1972) ("When the injured party does not assert legal incapacity as a cause for delay in commencing an action in court, such injured party stands in the position of a person with legal capacity, when confronted with the two-year statute of limitations in a negligence action.")

Such a construction is consistent with the language and purpose of § 60–515. Section 60–515, which applies to actions other than for recovery of real property or a penalty or forfeiture, tolls the statute of limitations by allowing a person under a disability to bring such action within one year after the person's disability is removed, but goes on to state that "*no such action*" shall be commenced more than eight years after the time of the act giving rise to the cause of action. Although the phrase "no such action" is not without ambiguity, it can reasonably be construed to refer only to an action in which the plaintiff asserts the benefit of the special tolling rule in the first part of § 60–515(a). *Cf. NEA–Goodland v. Board of Education, U.S.D. No. 352, Sherman County*, 13 Kan. App.2d 558, 775 P.2d 675, 677 (1989), *rev. denied* (1989) (In construing statutes, qualifying words, phrases and clauses are ordinarily confined to the last antecedent, or to the words and phrases immediately preceding.) Such a construction is consistent with the remedial purpose of § 60–515(a) and does not produce the questionable result of subjecting a minor to a shorter period of repose than an adult bringing a similar claim. *Cf. Smith v. Marshall*, 225 Kan. 70, 587 P.2d 320, Syl. ¶ 1 (1978) (A legislative act remedial in nature is to be liberally construed to effectuate the purpose for which it was enacted.) It also eliminates any potential conflict with § 60–3303 and preserves the balance between the interests of consumers and manufacturers embodied in the KPLA. Finally, it is consistent with the canon that statutes should be construed *in pari materia*, because it interprets the repose provision in § 60–515(a) as an integral part of the special tolling rule for persons under disability.

Although the Kansas cases have not suggested this interpretation, neither have they foreclosed it. Statements in *Swartz v. Swartz*, 20 Kan.App.2d 704, 894 P.2d 209 (1995) and other cases indicating that expiration of the eight-year period of repose in § 60–515(a) will "bar" or "extinguish" a plaintiff's claim are not necessarily inconsistent with this court's interpretation. In almost all of these cases the plaintiff's claim would have been time-barred without the

benefit of the special tolling rule in § 60–515(a). *See e.g., Id.,* 894 P.2d at 211 (Suit filed eleven years after injury.) Thus, the result is the same even if the eight-year period is viewed as a limitation on the availability of the disability tolling rule. In the one case cited by the parties where a minor's claim was found to be barred although a similarly situated adult's was not, *Gilger v. Lee Construction, Inc.,* 249 Kan. 307, 820 P.2d 390 (1991), the court did state that § 60–515 used "the language suggested in *Ruthrauff* as an absolute limitation on the commencement of an action" and suggested that this language was indistinguishable from a similar provision in § 60–513(c). *Id.,* 820 P.2d at 399. The potential conflict between § 60–515(a) and § 60–3303 was apparently not raised as an issue in *Gilger,* however, nor did the court specifically determine that, despite the apparent remedial purpose of § 60–515(a), the legislature actually intended to treat minors more severely than similarly situated adults. The court thus concludes that *Gilger* is distinguishable from the instant case. As the Kansas Supreme Court noted recently in *See v. Hartley,* 257 Kan. 813, 896 P.2d 1049, 1054 (1995), the differences between statutes of limitation and statutes of repose are not so clearly defined as some Kansas cases have suggested. Regardless of how it has been characterized, the eight-year period in § 60–515(a) should if possible be construed to give effect to the underlying purpose of the statute. *Cf. See,* 896 P.2d at 1055 (Action was not barred by four-year statute of repose in § 60–513(c) where the running of the statute of limitations had been tolled by K.S.A. § 65–4908).

The court concludes that the construction of § 60–515(a) described above is the most reasonable interpretation under the circumstances and finds that the Kansas Supreme Court would adopt such a construction if the question were directly presented to it. Consistent with its duty to harmonize §§ 60–515(a) and 60–3303 and to give effect to both if possible, the court adopts the foregoing construction of § 60–515(a).

To recapitulate, the court concludes that if a product liability claim by a minor is not filed within eight years of the manufacture and sale of the product, the effect of the eight-year statute of repose in § 60–515(a) is to preclude the minor from asserting the special statute of limitations for persons under a legal disability. Such a claim is then subject to the same statute of limitations, tolling rules, and statute of repose governing claims by persons not under legal disability.

■■■ Applying this rule to the instant case leads to the conclusion that plaintiff's claim is time-barred. Because the suit was filed more than eight years after manufacture and sale of the mower, the special tolling rule in § 60–515(a) for persons under a legal disability is not available to plaintiff. Plaintiff's claim is therefore subject to the statute of limitations governing claims by persons not under a disability, K.S.A. § 60–513(a)(4). Under that section, a product liability claim must be filed within two years of accrual of the cause of action. In a case such as this where the fact of injury was reasonably ascertainable at the time of the accident, the cause of action accrued at the time of injury. § 60–513(b). Plaintiff's claim was not filed within two years of the injury. For the reasons set forth above, the claim is barred by the statute of limitations in K.S.A. § 60–513(a)(4).[5]

### CONCLUSION

Plaintiff's motion for summary judgment (Doc. 18) is DENIED as moot. Defendant's motion for summary judgment (Doc. 21) is GRANTED and the action is dismissed.

IT IS SO ORDERED.

---

**5.** Under the court's interpretation of § 60–515(a), the plaintiff's claim is also subject to the KPLA's "useful safe life" repose provision. As was stated earlier, however, it is assumed for purposes of summary judgment that plaintiff could show the injury occurred within the product's useful safe life.