Tammy GORMAN, Plaintiff,

v.

BEST WESTERN INTERNATIONAL, INC. and Flanders Industries, Inc., Defendants.

Civil Action No. 95–2343–DES.

United States District Court, D. Kansas.

Sept. 11, 1996.

Donald T. Taylor, Robb, Taylor & O'Connor, Kansas City, KS, Rik N. Siro, Blumer, Nally & Siro, Kansas City, MO, for Tammy Gorman.

Daniel P. Hanson, Law Offices of Daniel P. Hanson, Overland Park, KS, for Flanders Industries, Inc.

R. Michael Steele, Sherman, Taff & Bangert, P.C., Leawood, KS, for Best Western Inn.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Flanders Industries, Inc.'s Motion For Summary Judgment (Doc. 51) filed June 3, 1996. Plaintiff, Tammy Gorman ("Ms. Gorman"), filed a two-count complaint (Doc. 1) against defendant, Flanders Industries ("Flanders"). Count–I is a products liability claim based on strict liability in tort, and count–II is a products liability claim based on negligence.[1] Ms. Gorman seeks damages in excess of fifty-thousand dollars ($50,000) and costs. Defendant Flanders moves the court for summary judgment on two grounds: 1) Plaintiff's products liability claim is barred by the general statute of repose, Kan.Stat. Ann. § 60–513(b); and 2) at the time of injury, the product was beyond its useful safe life, as provided in Kan.Stat.Ann. § 60–3303(a) & (b).

For the reasons set forth below, defendant's Motion for Summary Judgment is denied with respect to both grounds.

### BACKGROUND

The following facts are uncontroverted or, where controverted, construed in a manner most favorable to the plaintiff as the nonmoving party.

1. Under Kan.Stat.Ann. § 60–3302© these theories are merged into one single product liability

On September 18, 1993, Ms. Gorman was attending a wedding reception at the Best Western Motor Inn ("Best Western") in Kansas City, Kansas. The reception hall was furnished with tables and folding chairs. Ms. Gorman attempted to sit in one of the chairs but it collapsed, causing her to fall to the ground. As a consequence of her fall, Ms. Gorman sustained injuries to her back, hip, and left leg. The chair was designed and manufactured by defendant Flanders Industries and sold to defendant Best Western in or around March 1981.

### SUMMARY JUDGMENT STANDARD

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The rule provides that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (1985). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. at 2510. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* "Only disputes over facts that might properly affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir.1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1985). The movant need not negate the nonmovant's claim. *Id.* at 323, 106 S.Ct. at 2552.

claim. *See Baumann v. Excel Ind., Inc.*, 17 Kan. App.2d 807, 845 P.2d 65, 70 (1993).

Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1985). The nonmovant must go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (interpreting Fed. R.Civ.P. 56(e)). Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. *Id.* at 322, 106 S.Ct. at 2551. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. at 2552.

A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986) (stating that "[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues"). The court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party's favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Id.* at 250, 106 S.Ct. at 2510.

### DISCUSSION

#### I. General Statute of Repose

■ Defendant Flanders contends that plaintiff's cause of action is barred by the general ten-year repose provision of Kan. Stat.Ann. § 60–513(b). Ms. Gorman, on the other hand, disputes the application of Kan. Stat.Ann. § 60–513(b) to her products liability claim. Instead, she maintains, the Kansas Product Liability Act's ("KPLA's") repose provision, Kan.Stat.Ann. § 60–3303(a)(1), is applicable to her claims. Unlike the absolute bar of Kan.Stat.Ann. § 60–513(b), Kan.Stat. Ann. § 60–3303(a) & (b) permits a plaintiff to bring a cause of action more than ten years after delivery of a product provided she can show by clear and convincing evidence that the harm was caused before expiration of the product's useful safe life.

To support its contention, defendant relies on Kan.Stat.Ann. § 60–3303(c) of the KPLA which states "except as provided in subsections (d) and (e), nothing contained in subsections (a) and (b) above shall modify the application of [Kan.Stat.Ann. §] 60–513, and amendments thereto." Defendant asserts that this section establishes Kan.Stat.Ann. § 60–513(b) as an absolute ten-year limitation for filing actions. In other words, defendant argues that Kan.Stat.Ann. § 60–513(b) negates whatever exceptions to the ten-year statute of repose that Kan.Stat.Ann. § 60–3303(a) & (b) would otherwise provide.

In light of the apparent contradiction between Kan.Stat.Ann. § 60–3303(b) and (c), defendant's argument is not unreasonable. It is, however, contrary to established Kansas law. This court addressed the present issue on several previous occasions, and as Judge Lungstrum recently noted "Kansas cases now make clear that in product liability actions the KPLA's 'useful safe life' provision conflicts with and controls over the general ten-year statute of repose in § 60–513(b)." *Dierksen v. Navistar International Transportation Corp.*, 912 F.Supp. 480, 484 (1996). *See Strunk v. Siegler*, 844 F.Supp. 1466, *1472 (D.Kan.1994); *Speer v. Wheelabrator Corp.*, 826 F.Supp. 1264 (D.Kan.1993). The *Dierksen* decision relied primarily on *Kerns v. G.A.C., Inc.*, 255 Kan. 264, 875 P.2d 949 (1994), in which the Kansas Supreme Court acknowledged the application of the KPLA's useful safe life exception to the ten-year statute of repose, notwithstanding the language of Kan.Stat.Ann. § 60–3303(c). *Dierksen*, 912 F.Supp. at 480.

Defendant argues that the *Kerns* decision is inapplicable to the present case because it is based on *Harding v. K.C. Wall Products* which, unlike the present case, involved a latent disease caused by repeated exposure to a harmful material, a situation controlled

by Kan.Stat.Ann. § 60–3303(d). 250 Kan. 655, 831 P.2d 958 (1992). The court disagrees with this argument. The *Kerns* court did not rely directly on *Harding* for its conclusion that Kan.Stat.Ann. § 60–3303 controls over Kan.Stat.Ann. § 60–513. *Kerns,* 875 P.2d at 949. The *Kerns* court instead relied on *Baumann v. Excel Ind., Inc.,* 17 Kan.App.2d 807, 845 P.2d 65 (1993), which is factually analogous to the present case. *Kerns,* 875 P.2d at 956–57. Furthermore, *Baumann* only relied on *Harding* for the principle that a specific statute of repose controls over a general statute of repose where the legislature has not indicated otherwise. *Baumann,* 845 P.2d at 70. Simply because the facts of *Harding* involved a latent disease does not reduce the force of the general principle for which it was cited. Regardless of the mechanics of the decision, however, the *Kerns* court expressly approved of the *Baumann* court's finding that in product liability actions the KPLA's statute of repose conflicts with and controls over the general statute of repose in § 60–513(b). *Kerns,* 875 P.2d at 956–57. As such, it would be improper for this court to disregard this clear expression of Kansas law as construed by the Kansas Supreme Court.

Defendant also cites *Arnold v. Riddell,* 853 F.Supp. 1488 (D.Kan.1994), for the notion that plaintiff's cause of action is barred by the general ten-year repose provision of Kan. Stat.Ann. § 60–513(b). The court disagrees, however, with defendant's interpretation of *Arnold.* The *Arnold* court did not hold that Kan.Stat.Ann. § 60–513(b) applies to product liability claims. 853 F.Supp. at 1488. Nor did it need to so hold; the question of which repose statute applied was not at issue in the *Arnold* case. *Id.* None of the parties in that case disputed the application of Kan. Stat.Ann. § 60–513(b). *Id.* The parties assumed, for whatever reasons, that Kan.Stat. Ann. § 60–513(b) applied to their case and the *Arnold* court simply noted that Kan.Stat. Ann. § 513(b) did not bar the plaintiff's claim. *Id.* Significantly, the court then went on to apply Kan.Stat.Ann. § 60–3303. *Id.* At no time did the *Arnold* court even imply that the general repose provision was controlling in products liability actions. *Id.* The reason for this intentional omission be-

comes even more apparent upon examination of the same case later in its procedural history. In *Arnold v. Riddell,* 882 F.Supp. 979 (D.Kan.1995), the *Arnold* court again noted that Kan.Stat.Ann. § 60–513(b) did not bar the plaintiff's claim, but added the following: "Furthermore, the Kansas Supreme Court has held that [Kan.Stat.Ann.] § 513(b) does not apply in product liability actions that involve exceptions to the statute of repose found in the Kansas Product Liability Act" *Id.* at 987 (citing *Kerns v. GAC, Inc.,* 255 Kan. 264, 875 P.2d 949 (1994)). The *Arnold* court included the additional language in light of the then recent *Kerns* decision, and its inclusion makes it clear that the *Arnold* court did not intend to imply that Kan.Stat. Ann. § 60–513(b) controls over Kan.Stat.Ann. § 60–3303 in product liability actions. Defendant's reliance on the *Arnold* decision is unpersuasive.

The court finds that Kan.Stat.Ann. § 60–513(b) is not applicable to those actions brought pursuant to the KPLA enumerated in Kan.Stat.Ann. § 60–3303(a) & (b). Defendant's motion for summary judgment based on the applicability of Kan.Stat.Ann. § 60–513(b) is therefore denied.

## II. Useful Safe Life Defense

Defendant next contends that plaintiff's claim is barred because plaintiff's injury occurred after the useful safe life of the folding chair expired under the terms of the Kansas Product Liability Act, Kan.Stat.Ann. § 60–3301 et seq. ("KPLA"). Section 60–3303 of the KPLA provides:

> . . . a product seller shall not be subject to liability in a product liability claim if the product seller proves by a preponderance of the evidence that the harm was caused after the product's "useful safe life" had expired. "Useful safe life" begins at the time of delivery of the product and extends for the time during which the product would normally be likely to perform or be stored in a safe manner. For the purposes of this section, "time of delivery" means the time of delivery of a product to its first purchaser or lessee who was not engaged in the business of either selling such prod-

ucts or using them as component parts of another product to be sold.

.   .   .   .   .

(b)(1) In claims that involve harm caused more than 10 years after time of delivery, a presumption arises that the harm was caused after the useful safe life had expired. This presumption may only be rebutted by clear and convincing evidence.

In this case, it is undisputed that Flanders falls within the statutory definition of "a product seller," Kan.Stat.Ann. § 60–3302(a). It is similarly undisputed that the folding chair manufactured by Flanders was delivered to Best Western, the product's first purchaser who neither resold such product nor used it as component parts in another product sold by Best Western in 1981. It is also uncontested that plaintiff's harm was caused more than ten years after delivery, on September 18, 1993, when the chair collapsed as plaintiff attempted to sit in it. Flanders therefore argues that it has met its burden of proving, by a preponderance of the evidence, that plaintiff's harm was caused after the product's presumed ten-year useful safe life under the KPLA had expired. Accordingly, plaintiff has the burden under the KPLA of proving, by clear and convincing evidence, that the product's useful safe life had not expired by September 18, 1993, the date of her injury.

■■■■ The issue presented, then, is whether a jury could reasonably find that Ms. Gorman presented sufficient evidence to rebut the statutory presumption, and to create a genuine issue as to whether the useful safe life of the folding chair had expired before Ms. Gorman sustained her injuries. Kan.Stat.Ann. § 60–3303(b)(1) requires the clear and convincing evidence to rebut this statutory presumption. Under Kansas law, clear and convincing evidence is not a quantum of proof, but rather a quality of proof. *Barbara Oil Co. v. Kansas Gas Supply Corp.*, 250 Kan. 438, 827 P.2d 24, 32 (1992). This means that Ms. Gorman must establish her claim by a preponderance of the evidence, but the nature of this evidence must be clear and convincing. *Id.* In another context, the Kansas Supreme Court has stat-

ed "to be clear and convincing, evidence should be clear in the sense that it is certain, plain to the understanding, unambiguous, and convincing in the sense that it is so reasonable and persuasive as to make it believable." *City of Haven v. Gregg*, 244 Kan. 117, 766 P.2d 143, 144 (1988). Also, in determining whether a product's useful safe life has expired, the KPLA gives examples of the types of evidence which would be "especially probative," including: (A) The amount of wear and tear to which the product had been subject; (B) the effect of deterioration from natural causes, and from climate and other conditions under which the produce was used or stored; (C) the normal practices of the user, similar users and the product seller with respect to the circumstances, frequency and purposes of the product's use, and with respect to repairs, renewals and replacements; (D) any representations, instructions or warnings made by the product seller concerning proper maintenance, storage and use of the product or the expected useful life of the product; and (E) any modification or alteration of the product by a user or third party. Kan.Stat.Ann. § 60–3303(a)(1)(A)–(E).

Flanders contends that it is entitled to summary judgment because plaintiff cannot produce sufficient evidence to meet her burden to prove by clear and convincing evidence that her harm occurred during the useful safe life of the chair. In addition to relying on the rebuttable presumption of Kan.Stat.Ann. § 60–3303(b)(1), Flanders points to evidence which it contends precludes any rebuttal of the ten-year useful safe life presumption by plaintiff. Flanders suggests that plaintiff's own expert has found evidence of fatigue failure as a result of repetitive loads being applied to the chair, which Flanders argues is direct evidence of substantial wear and tear on the chair. Flanders also points out the original cost of the chair ($13.99) and the cost of replacement ($10.79 to $19.99), apparently as evidence of the limited useful life of such chairs. Finally, defendant Flanders contrasts these relatively inexpensive folding chairs to the product in *Hendricks v. Comerio Ercole*, 763 F.Supp. 505 (D.Kan.1991), which was a calendar ma-

chine weighing several tons and purchased at a cost in excess of $160,000.

In response, Ms. Gorman offers testimonial evidence as a means to rebut the statutory presumption that the chair was beyond its useful safe life. Ms. Gorman first offers, by way of affidavit, the expert opinion of mechanical engineer James K. Blundell, Ph.D. Dr. Blundell states that based on his review of the subject chair, similar folding chairs, deposition testimony, and defendant's documents, it is his opinion to a reasonable degree of scientific certainty that the subject chair "had not exceeded its useful safe life and defendant had no right to rely on the chair having been discarded before September 18, 1993." As further evidence to rebut the statutory presumption, Ms. Gorman presents the deposition testimony of defense witnesses, Kenneth Seibert and Dudley Flanders. Both Mr. Seibert and Mr. Flanders stated that folding chairs of the same type as the subject chair routinely remain in service in excess of fifteen years and are not removed from service at any particular age.

Upon examination of the parties' arguments, including the parties' factual submissions, the court finds that plaintiff has presented sufficient evidence to rebut the statutory presumption, and to create an issue triable to a jury regarding whether the useful safe life of the folding chair had expired. Specifically, plaintiff has presented evidence, through unequivocal expert testimony, that the subject chair had not exceeded its useful safe life at the time of plaintiff's injury. Plaintiff also provides deposition testimony of two of the defendants' own witnesses, in which they expressly acknowledge that similar chairs remain in service in excess of fifteen years. Defendant's arguments made to bolster the statutory presumption are unavailing. The court disagrees with defendant that Dr. Blundell's affidavit contains evidence of excessive wear and tear. Plaintiff's expert merely found evidence of fatigue failure as a result of use, not excessive use. The court also finds defendant's arguments based on the relative low cost and simple nature of the folding chair unpersuasive. Defendant's argument thus boils down to the statutory presumption, that the subject chair's useful safe life had expired, which the court finds plaintiff has sufficiently rebutted. Accordingly, defendant's motion for summary judgment on the ground that the folding chair's useful safe life had expired is denied.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant Flanders Industries, Inc.'s Motion for Summary Judgment (Doc. 51) is denied.