Robert C. Myers Newton City Attorney P.O. Box 345 Newton, Kansas 67114
Dear Mr. Myers:
As City Attorney for the City of Newton, you inquire regarding K.S.A. 12-5040, which requires local governments to make available to certain retired employees and their dependents access to group health care benefits. Specifically, you inquire whether a city can terminate benefits when the retired employee has reached the age of 65 but the employee's dependent [i.e. the spouse] has not.
K.S.A. 12-5040 provides:
 "(a) Each local government which provides an employer-sponsored group health care benefits plan for the employees of the local government shall make coverage under such group health care benefits program available to retired former employees and their dependents, upon written application filed with the clerk or secretary thereof within 30 days following retirement of the employee, as provided by this section. Coverage under the employee group health care benefits plan may cease to be made available upon (1) the retired employee attaining age 65, (2) the retired employee failing to make required premium payments on a timely basis, or (3) the retired employee becoming covered or becoming eligible to be covered under a plan of another employer.
 "(b) [The] local government may pay for all or part of the cost of continuing the employee group health care benefits plan coverage for such retired former employees and their dependents.
 "(c) As used in this section . . . 'retired' means any employee who has terminated employment and is receiving a retirement or disability benefit for service with the local government from which they terminated employment." (Emphasis added.)
The primary rule for interpreting a statute is to ascertain legislative intent from the language of the statute itself.[1] If the language is clear and unambiguous, a court should derive the intent as expressed by the words.[2] Moreover, if the language is clear and unambiguous, the plain meaning of the language will be conclusive except when a literal application of the statute will produce a result at odds with the intention of its drafters or when the plain meaning would lead to absurd consequences.[3]
The provisions of K.S.A. 12-5040 are clear and, therefore, must be given effect according to their plain and obvious meaning.[4]
Termination of coverage appears to be triggered by something that only the retired employee does [i.e. attains 65, fails to make premium payments or becomes covered by another group health care plan]. Subsection (a) of K.S.A. 12-5040 is clear that a local government can terminate coverage when the retired employee reaches the age of 65 regardless of the age of the employee's dependent. K.S.A. 12-5040 refers to adependent as distinct from a retired employee. If the Legislature had wanted to provide coverage for dependents after the retired employee turned 65, it could have done so.
Even if the statute was not clear on its face, it is clear from the legislative history that the Legislature was concerned about the difficulties in obtaining adequate health care insurance for retirees under the age of 65 who participated in the Kansas Public Employees Retirement System (KPERS).[5] K.S.A. 12-5040 was enacted with the intention of providing for continued participation in group health care plans beyond the 18-month continuation period mandated by the Consolidated Omnibus Budget Reconciliation Act,(COBRA).[6] Therefore, it is our opinion that a local government can terminate coverage under its group health care benefits plan when a retired employee turns 65, regardless whether the employee's dependent has reached the age of 65.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] Dierksen By and Through Dierksen v. Navistar Intern. Transp.Corp., 912 F. Supp. 480 (D.Kan., 1996).
[2] Id. at 486.
[3] Nat'l Union Fire Insur. Co. of Pittsburg v. Midland Bancor,Inc., 854 F. Supp. 782 (D.Kan., 1994).
[4] Attorney General Opinion No. 89-122.
[5] Report on Kansas Legislative Interim Studies to the 1988Legislature: Proposal No. 36 (December, 1987). See, also, Attorney General Opinion No. 2000-48, 94-31, and 89-122.
[6] 29 U.S.C. § 1162.